## Curtis Brace v. Archibald Brink.

*Slander: Words actionable per se.* Charging another with having sworn falsely and with having been indicted before the grand jury for false swearing, is slander and actionable *per se.*

*Submitted on briefs October 27. Decided November 2.*

Error to Wayne Circuit.

*Moore & Moore,* for plaintiff in error.

*Moore & Griffin,* for defendant in error.

MARSTON, J:

We think the court erred in excluding the evidence offered by plaintiff in this case. The slander alleged consisted in the defendant saying of the plaintiff: "You have been indicted before the grand jury for false swearing." "You swore false and I can prove it." "Brace has been indicted before the grand jury for false swearing." There were other allegations in the declaration, and the plaintiff pro- posed on the trial, and "offered to prove each and every allegation in his declaration contained," but the court excluded the testimony. The only question in the case is, are the words charged in the declaration as having been uttered

by the defendant actionable *per se*. We think they are. To charge another with having been indicted before the grand jury for false swearing is a direct charge that he has been judicially accused of having committed the crime of perjury, and has been indicted therefor. When a person is indicted by the grand jury, it is generally considered to be for some supposed criminal offense. And when charged with having sworn false, and with being indicted for false swearing, it is a direct charge that the person has sworn falsely in reference to some material matter in a court of competent jurisdiction, and has thereby committed the crime of perjury, for which he has been indicted. The charge of being indicted therefor clearly and sufficiently indicates the nature and place of the false swearing charged. To charge another with swearing falsely might not be sufficient standing alone, but when coupled therewith the charge is also made that the person has been indicted therefor, this characterizes the other part of the charge, and raises it to that grade which makes it a criminal and indictable offense. Otherwise we can attach no meaning to the fact of the party's having been indicted therefor.—See *Crone v. Angell, 14 Mich., 340; Jacobs v. Fyler, 3 Hill, 572; Roberts v. Camden, 9 East, 93; Pelton v. Ward, 3 Caines, 73; Gilman v. Lowell, 8 Wend., 573.*

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.