PETER SCHMIDT *vs.* PETER WITHERICK.

May 30, 1882.

Slander—Words held not to impute Perjury—The words, "he has sworn falsely in the case with my brother," are not actionable *per se.* They do not necessarily imply that the false testimony was given wilfully, and therefore do not necessarily amount to an imputation of the crime of perjury.

Appeal by defendant from an order of the district court for McLeod county, *Macdonald*, J., presiding, refusing a new trial.

*H. J. Peck* and *M. O. Little*, for appellant.

*A. P. Fitch*, for respondent.

MITCHELL, J. Action for slander. The allegations of the complaint, so far as here material, are that "in a conversation with this plaintiff's wife, * * * and * * * in the presence and hearing of" third persons, the defendant spoke and declared "of and concerning the said plaintiff" the following words: " 'You have not sworn falsely, but your husband,' (meaning this plaintiff,) 'he' (meaning this plaintiff) 'has sworn falsely in the case with my brother;' meaning that this plaintiff had sworn falsely in a lawsuit between this defendant and his brother." The words charged to have been spoken are not actionable *per se.* To render words actionable *per se*, they must impute a crime to the person of whom they are spoken in such terms that, without the aid of an innuendo, the nature of the offence charged is obvious. They must carry upon their face

an open and direct imputation of a crime. The crime here attempted to be charged is perjury. Perjury is the *wilful* giving, under an oath or affirmation, legally imposed, of false testimony material to the issue or point of inquiry. The following elements are essential to constitute this crime: *First*, the oath must be false; *second*, it must have been legally imposed; *third*, the intention must have been wilful.

Now the words charged contain the first of these elements, and the innuendo supplies the second, but the third is lacking, unless the term "falsely" implies and includes it. But these words "swear falsely," alone, do not necessarily include the idea of wilful intention. They may mean perfidiously, or merely not truly. Swearing to that which is false, says *Kent*, C. J., does not necessarily imply that the party has, in judgment of law, perjured himself. It may mean that he has sworn to a falsehood without being conscious, at the time, that it was false. Of course, to say that a man swore falsely may be intended to convey to the minds of the hearers the imputation of perjury, and, when this is so, *with the proper averments*, they are actionable. This is all that is meant by some of the cases cited by respondent, in which it is said that these words are actionable. This is precisely what is said in *Morgan* v. *Livingston*, 2 Rich. 573. That in some of the cases cited they were considering a question of evidence, and not of pleading, is evident from the fact that the pleadings actually contained the usual innuendo, "thereby meaning that the plaintiff had committed the crime of perjury." This is so in *Rue* v. *Mitchell*, 2 Dall. 58, and *Fowle* v. *Robbins*, 12 Mass. 498. In other cases these words did not stand alone, but were coupled with other words, which included or implied the element of wilful intention; as, for example, where, after a charge of false swearing, the defendant added, "I will attend to the grand jury about it," or "for which you stand indicted," or "done it meaning to cut my throat." This was the ground upon which the words were held actionable *per se* in *Bruce* v. *Brink*, 33 Mich. 91, cited by respondent. It seems to be the general doctrine that to say that a man "swore falsely" is not actionable *per se*, unless coupled with some other words which imply (1) that he did so wilfully; (2) that he did so under oath legally imposed. Upon the first of these the innuendo in this case does not aid the pleader, as it

is but a repetition of the words charged. We are therefore of opinion that defendant's objections to the sufficiency of the complaint ought to have been sustained.

Order reversed.