WILLIAM STROEBEL *vs.* CONSTANT H. WHITNEY and Wife.

January 11, 1884.

**Slander—Words held to be Actionable per se.**—It is not necessary, in order to render words actionable *per se*, that they must *necessarily* bear a criminal import. If the words, in their ordinary acceptation, would naturally and presumably be understood as importing a charge of crime, they are *prima facie* actionable.

Appeal by defendants from an order of the district court for Blue Earth county, *Severance*, J., presiding, overruling a general demurrer to the complaint.

*Daniel Buck*, for appellants.

*Freeman & Pfau* and *Wm. N. Plymat*, for respondent.

MITCHELL, J. Action for defamation. The principle of common sense which now governs in the construction of words in such actions is that courts will understand them as other people would. The question always is, how would ordinary men naturally understand the language? It is going too far to argue that words must *necessarily* bear a criminal import, in order to render them actionable *per se*. It is not enough to show by ingenious argument that they might possibly admit of some other meaning. The question is whether, in the ordinary acceptation of the language, a person could reasonably doubt its signification. *Woolnoth* v. *Meadows*, 5 East, 463. It is not necessary that the words should make the charge in express terms. They are actionable if they consist of a statement of facts which would naturally and presumably be understood by the hearers as a charge of crime. *Lewis* v. *Hudson*, 44 Ga. 568; *Proctor* v. *Owens*, 18 Ind. 21; *Walton* v. *Singleton*, 7 Serg. & R. 449. We think the language used in this case, *prima facie* at least, imports a charge of fornication. Indeed, we can hardly conceive how the hearers could understand it in any other sense. As is said in *Walton* v. *Singleton*, *supra*, there is no offence which can be conveyed in so many multiplied forms and figures as that of incontinence. The charge is seldom made, even by the most vulgar and obscene, in broad and coarse

language.   In holding language actionable *per se*, as against a demurrer to the complaint, it does not necessarily follow, as appellant seems to argue, that he would be precluded from proving, or the jury from finding, that in the connection and under the circumstances in which they were used the words did not convey the meaning which they presumptively bear on their face.

Our views as to the construction of the words published render it unnecessary to consider the rule of pleading discussed by appellant.

Order affirmed.