Hudson, J.
This action was brought against the defendant, who was the publisher and proprietor of the Daily Herald, a newspaper published in the city of Grand Forks, for libel, in the publication of the following article:
“ Aldeged Crookedness : Legal circles were som ewhat agitated “ yesterday over the fact that Charles White, a settler whose claim “ was contested, charges J. P. Casselman, the attorney who con- “ tests the claim in person, had made false affidavits in order to “ commence his case. .He also asserts that the affidavit made by *293 “ Mr. Casselman was false. Charles Morgan, a brother of How- “ ard Morgan, has a similar story to tell, and prefers like charges. “ Of course these charges are by no means proven, and Mr. Cas- “ selman’s affidavit stands against the unsupported word of the “ others. It is to be investigated, and in case the charges are “ found true, the legal gentleman will be debarred from practice “ in the U. S. land courts.”.
The complaint alleges that the plaintiff was, and for a long time had been, an attorney, and as tuch, and in consequence of the publication of these false and defamatory words, has been and is, greatly damaged, injured and prejudiced in his name, character and reputation, and has lost and been deprived of great gains and profits in his calling, following and occupation, which would have otherwise arisen and accrued to him in his business, calling and profession, to his damage, etc.
The defendant, by his counsel, demurred to this complaint, alleging as grounds of demurrer, that the complaint did not state facts sufficient to constitute a cause of action, in that the publication in the said complaint alleged to have been made by the defendant, was not a libel. The coiirt sustained the demurrer, and from the judgment entered upon the order sustaining the demurrer, the plaintiff appeals to this court.
The learned counsel for the plaintiff, by a colloquium and by inuendo, alleges that the intention of the defendant was to charge the plaintiff with having been guilty of the crime of perjury, in making false affidavits before the United States Land Office, in the contesting of claims before the same.
A direct charge of perjury is actionable per se, and “ if such a direct charge had been made,” we should have had little difficulty in holding the complaint in this case sufficient to warrant a recovery; but the words, “He made false affidavits,” or “The affidavit *294 made by Mr. C. was false,” or “ He swore a false oath,” or “ He swore a lie,” áre not actionable per se, nor can an action be maintained for them, merely by an innendo that they imported or were intended to import perjury: Schmidt v. Witherick, 12 N. W. Rep., 448. There must be a colloquium of a judicial proceeding and the nature of the proceeding: Townshend on Slander and Libel, 244. And it must appear that the matter involved was material. The charge of perjury as respects matter which is immaterial to the issue involved, cannot in any event, or under any circumstances, be actionable; it cannot be determined from the words •complained of in this case, what kind of a claim was contested, or when or before whom the affidavit was made that is said to be false; whether it was taken before any officer or tribunal that had authority to administer an oath, or whether the matter therein stated was material to any investigation, and there is no colloquium referring the words to the conduct of the plaintiff as a witness or in any other capacity wherein an oath or affidavit was legally required, ■except it was before the United ¡States Land Office, in the contesting of claims before the same. This is too general and indefinite.
If the charge is of false swearing before a particular court or tribunal, or in a particular proceeding, naming it, the charge is •actionable, if the court named is one authorized to administer an ■oath, or if the proceeding named is a judicial proceeding.
The publication complained of, not being actionable per se, malice cannot be inferred, nor is it alleged that it was a false publication to the knowledge of the defendant; but when the article is taken as a whole it appears conclusively that its publication was not malicious. It does not purport to state any facts within the knowledge of the defendant, nor that he believed the statements charging the plaintiff with crookedness were true. It is a statement of- something that another person had said. The writer does not adopt it as his own assertion, but the statement appears to have *295 been made entirely as the language of another, and to deprive it of all appearance of malice, the writer follows it up with the remark that * * * * these charges áre by no means proven, and that Mr. Oasselman’s affidavit stands against the unsupported word of the others, clearly showing that the writer did not believe them to be true, and did not put them forth as such.
From the view we take of this publication, we think the District Court committed no error in sustaining the demurrer in this action and the judgment is,
Affirmed.
All the Justices concurring.