CHRISTINE REITAN *vs.* ELIZA GOEBEL.

February 4, 1885.

**Slander—Charge of Incontinence.**—Words charging an unmarried female with incontinence are actionable *per se.*

**Same—Evidence of Malice—Other Utterances.**—The utterance of other slanderous words, of similar import with those charged, and so connected with them as to amount to a continuance of the same slander, (at least, if uttered before the commencement of the action,) may be admitted as evidence of malice.

Slander. The complaint charges the defendant with having spoken

words importing incontinence on the part of the plaintiff, an unmarried woman.    The answer is a general denial.

The action was tried in the district court for Clay county before *Stearns,* J., and a jury, and plaintiff had a verdict of $675.    Defendant appeals from an order refusing a new trial.    The witnesses for plaintiff, after testifying to the uttering by defendant of the slander charged, were permitted to testify as to other slanderous words uttered by defendant at the same time.

*Robt. W. Coleman, Frank Wilson* and *Ira. B. Mills,* for appellant.
*Mosness & Douglass,* for respondent.

MITCHELL, J.    The ground of an action for words, in the absence of special damage, is the immediate and natural tendency of the words themselves to produce injury to the person of whom they are spoken. And in no other case can it be more fairly presumed that the scandal, if believed, will produce injury than where an unmarried female is charged with incontinence.    In England the reason originally assigned for holding such words not actionable *per se* was that the person slandered might institute a suit in the spiritual court; and that, if an action were to be entertained in a temporal court, the party would be twice punished for the same words.    But as we have no spiritual courts to divide the jurisdiction, there would seem to be no good reason why we should cling so tenaciously to a doctrine that was always in disfavor, and the reason for the adoption of which has ceased to exist.    But whatever ground there may be for adhering to this rule elsewhere, there is none in our state, where fornication is, by statute, made a crime punishable by fine or imprisonment.    Words charging a punishable offence, involving moral turpitude, are everywhere held actionable.

2. While there is some conflict of authorities as to when other words spoken by the defendant may be proved in an action of slander, yet it seems to be the settled law everywhere that the utterance of other slanderous words of similar import, and so connected with them as to amount to a continuance of the same slander, at least when uttered before the commencement of the action, may be admitted as evidence of malice.    1 Am. Lead. Cas. 195 *et seq.;* Folkard's Starkie on Slander, § 640; *Pearson* v. *Lemaitre,* 5 Man. & G. 700.

The damages awarded in this case are not so large as to justify us in overruling the action of the jury and trial court, and setting aside the verdict as excessive. This disposes of all the assignments of error in this case which we deem necessary to consider.

Order affirmed.