AMELIA RADKE v. ERNEST KOLBE.

May 14, 1900.

Nos. 12,106—(80).

### Slander—Words Implying a Criminal Charge.

To render words spoken of or concerning a person actionable per se, they must in themselves, in the absence of averments of extrinsic facts, impute or imply a criminal charge. It is not essential that they necessarily bear a criminal import; for the test is whether, in the ordinary acceptation of the language, a person could reasonably doubt its alleged signification.

### Same—Words not Actionable per se.

Rule applied, and *held*, that the words, spoken of a married woman, "Mr. R. had to work awful hard on the section every day, and his woman went some nights with other men folks," were not actionable per se.

Action in the district court for Faribault county to recover $5,000 damages for slander. The case was tried before Quinn, J., and a jury, which rendered a verdict in favor of plaintiff for $150. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Reversed.

*Thomas M. Koegun* and *Frank E. Putnam*, for appellant.

*C. N. Andrews*, for respondent.

START, C. J.

Action for slander. The plaintiff had a verdict for $150, and the defendant appealed from an order denying his alternative motion for judgment or a new trial pursuant to Laws 1895, c. 320. The only question necessary to be decided in order to dispose of

this appeal is whether the complaint states a cause of action. The here material allegations of the complaint are these:

"That during all time hereinafter mentioned plaintiff has been, and now is, wife of John Radke. That on, to wit, the 15th day of September, 1897, at town of Byron, county of Waseca, Minnesota, the defendant, in the presence and hearing of one Albert Besser and Mrs. Manthey, maliciously spoke in German of and concerning the plaintiff the false and defamatory words following: 'Mister Radke hatte sehr hart zu arbeiten jeden Tag an der Section, und seine Frau ging zu verschiedenen Malen Nachts aus mit anderen Männern. *Sie ist eine schmutzige Sau,*'—which said words mean and say, in the English language: 'Mr. Radke had to work awful hard on the section every day, and his woman went some nights with other men folks. *She is a dirty sow;*' thereby meaning, and intending to mean, that plaintiff was not virtuous, was low and brutish in her character, and kept the company of other men, nights, instead of that of her husband, John Radke. That said Albert Besser and Mrs. Manthey at said time and place heard and understood the language used, and the meaning of the same."

There were no allegations of special damages. There was no proof on the trial of his speaking the words we have italicized, at the time and in the presence of the parties stated in the complaint. Hence they must be eliminated therefrom for the purposes of this appeal.

To render words, spoken of or concerning a person, actionable per se, they must in themselves, in the absence, as in this case, of averments of extrinsic facts, impute or imply a criminal charge. It is not essential, however, that they necessarily bear a criminal import; for the test is whether, in the ordinary acceptation of the language, a person could reasonably doubt its alleged signification. Stroebel v. Whitney, 31 Minn. 384, 18 N. W. 98; Schmidt v. Witherick, 29 Minn. 156, 12 N. W. 448. If words have the slanderous meaning alleged, not by their own intrinsic force, but by reason of some extraneous fact, such fact must be alleged in a traversable form. The innuendo is not sufficient for that purpose, for it cannot enlarge the meaning of the words beyond their natural import. Richmond v. Post, 69 Minn. 457, 72 N. W. 704.

Reading the allegations of the complaint in the light of these elementary rules, it is clear that the complaint does not state a cause of action. The alleged words do not in themselves impute

to the plaintiff the commission of a crime. In the ordinary acceptation of the language, a person could reasonably doubt its alleged signification; for a married woman may go out nights with other men without justly subjecting herself to the charge of unchastity or adultery. It follows that the order appealed from must be reversed. It is not a case where judgment absolute should be entered for the defendant, for the plaintiff may be able to satisfy the trial court that she ought to be permitted to amend her complaint.

Order reversed, and a new trial granted.