LAURA B. JOHNSON v. CHARLES E. FORCE.[1]

June 25, 1900.

Nos. 12,203—(142).

| 80 | 315 |
| 83 | 444 |

**Slander—Words Actionable.**

> *Held,* under the rules laid down in Stroebel v. Whitney, 31 Minn. 384, and Reitan v. Goebel, 33 Minn. 151, as to the actionable character of words which, in their ordinary acceptation, would naturally and presumably be understood as charging an unmarried female with incontinence, that the complaint herein stated a good cause of action.

Appeal by defendant from an order of the district court for Hen-

[1]Reported in 83 N. W. 182.

nepin county, Brooks, J., overruling a demurrer to the complaint. Affirmed.

*John M. Rees*, for appellant.

*Welch, Hayne & Hubachek*, for respondent.

COLLINS, J.

Action for defamation. The court below overruled a general demurrer to the complaint. We need not spread out in this opinion the alleged defamatory language as found in this pleading, for the paper book is on file, and may be examined, if necessary.

It was well said in Stroebel v. Whitney, 31 Minn. 384, 18 N. W. 98, that it is not necessary, in order to render words actionable per se, that they must necessarily bear a criminal import. If the words, in their ordinary acceptation, would naturally and presumably be understood as imputing a charge of crime, they are prima facie actionable. This very sensible rule has been approved in Richmond v. Post, 69 Minn. 457, 72 N. W. 704, and again in the recent case of Radke v. Kolbe, 79 Minn. 440, 82 N. W. 977. In Reitan v. Goebel, 33 Minn. 151, 22 N. W. 291, the court laid down the rule that words charging an unmarried female with incontinence are actionable per se. It would be a very innocent person who could doubt, reasonably or otherwise, the signification, in their ordinary acceptation, of the words alleged to have been uttered by defendant; or who could doubt that they would be generally understood as charging plaintiff, an unmarried woman, with incontinence,—in other words, that she had repeatedly committed the crime of fornication with the speaker.

It is wholly immaterial that, according to the lexicographers, the words used, when taken by themselves and independently, do not impute crime. We are to take into consideration all that was said, and the connection and circumstances. Charges of unchaste conduct on the part of a female are frequently made by indirection or insinuation, and without the use of plain words; but the slander is fully as despicable, and the defamation quite as complete, when they are intended to convey and do convey to the minds of the hearers the meaning that the unmarried woman of whom they are spoken is guilty of fornication, as it is when the plainest and most direct

language is employed. There are some cases in this country, we regret to say, which do not sustain the position taken in either of the cases cited. A sense of decency to the public at large and of justice to every woman whose character is assailed in such a manner compelled this court to repudiate such doctrines, and to refuse to adopt them, years ago.

Order affirmed.