GRACE CUSHING, by Her Next Friend, Muchael Cushing, v.
PATRICK HEDERMAN, Appellant.

**Slander per se:** CHASTITY OF UNMARRIED WOMAN. The rule that words imputing unchastity to a female are actionable *per se* extends to words spoken of a married as well as an unmarried woman, so that, in an action on such words, proof that the plaintiff is unmarried is unnecessary, further than to show that she is not married to the person with whom she is alleged to have committed the unchaste acts.

**REPETITION:** *Malice.* In an action for slander, evidence of the speaking of the slanderous words to another person than the one named in the petition is admissible to show malice.

**Torts:** *Not satisfied by mere judgment against joint tort feasor.* In an action in tort the previous recovery of a judgment against a joint tort feasor is no bar to the action so long as such judgment is unsatisfied.

*Same.* In an action for slander, the fact that a judgment had been recovered against defendant's wife for making, independently of him, the same slanderous accusation, was no bar to the action.

*Appeal from Crawford District Court.*—HON. S. M. EL-
WOOD, Judge.

WEDNESDAY, OCTOBER 22, 1902.

ACTION to recover damages for speaking words with reference to plaintiff indicating that she was guilty of acts of unchastity. Verdict and judgment for plaintiff for $1,200. Defendant appeals.—*Affirmed.*

*Salinger & Korte* and *P. E. C. Lally* for appellant.

*J. P. Conner* for appellee.

McCLAIN, J.—Appellant contends that there is no evidence that plaintiff was unmarried at the time of the acts imputed to her, and that, therefore, the language used did not constitute slander *per se*; but the distinction which is urged as between words imputing unchastity to a married woman and like words with reference to a single woman is not founded on any authority which has been brought to our attention. It is true that the doctrine recognized in this state that words imputing unchastity to a woman are actionable *per se* is contrary to authorities in many of the states. See, however, as supporting the Iowa rule, *Barnett v. Ward*, 36 Ohio St. 107 (38 Am. Rep. 561); *Reitan v. Goebel*, 33 Minn. 151 (22 N. W. Rep. 291 ); *Smith v. Minor*, 1 N. J. Law, 16. But the Iowa rule covers words imputing unchastity to a woman whether married or single. *Cleveland v. Detweiler*, 18 Iowa, 299; *Haynes v. Ritchey*, 30 Iowa, 76. It is true that, where the words relied on charge the female with having given birth to a child, it is necessary, in order to show them to be actionable *per se*, that plaintiff allege and prove that she was unmarried when the child was charged to have been born. *Bearsley v. Bridgman*, 17 Iowa, 290; *Truman v. Taylor*, 4 Iowa, 424; *Wilson v. Beighler*, 4 Iowa, 427. But unless plaintiff and the man with whom she was charged by the defendant with having had sexual intercourse were married, the charge imputed unchastity to her, and the only materiality of any inquiry with reference to her being single would be for the purpose of showing that such marriage did not exist. We think the evidence plainly indicated that the parties were not husband and wife at the time the acts were said to have taken place. The charge itself implies that. *Barnett v. Ward*, 36 Ohio St. 107 (38 Am. Rep. 561).

It is further contended for appellant that evidence of the speaking of words of similar import to another person

than the one named in the petition was not admissible, but we understand it to be well settled that the speaking of similar words to others may be proven for the purpose of showing malice in the speaking of the words charged, and with reference to which damages are claimed. *Bailey v. Bailey*, 94 Iowa, 598; *Hanners v. McClelland*, 74 Iowa, 318; *Reitan v. Goebel*, 33 Minn. 151, (22 N. W. Rep. 291). As the instructions are not set out in the record, we have no means of knowing whether the court properly limited the effect of the testimony with reference to repetitions of the slanderous charges.

Defendant sought to introduce by way of defense an allegation that in a separate action against the wife of the defendant the plaintiff recovered judgment for the same wrongs and injuries complained of in the petition in this action. This allegation was stricken out on motion, and error is assigned on such ruling. It is well settled in this country, although the rule is otherwise in England, that recovery of judgment against one of two joint wrong doers, so long as such judgment remains unsatisfied, is not a defense to a separate action against the other. *Livingston v. Bishop*, 1 Johns. 290 (3 Am. Dec. 330); *Knight v. Nelson*, 117 Mass. 458; *Lovejoy v. Murray*, 3 Wall. 1 (18 L. Ed. 129); Cooley, Torts, 137; 1 Freeman Judgment, section 236. And the Amreican rule has received the approval of this court. *Turner v. Hitchcock*, 20 Iowa, 310; *Putney v. O'Brien*, 53 Iowa, 117, 121. If, therefore, the wife of defendant was a joint wrongdoer with him in the publication of the slanderous words, a judgment against her would not bar an action against him, unless such judgment had been satisfied. If defendant's wife independently of the defendant, made such slanderous accusations, then the judgment against her would have no bearing whatever on the recovery of damages against the defendant. As it was not alleged in the answer that the judgment against defendant's

wife had been satisfied, the court committed no error prejudicial to appellant in striking such allegations with reference to the judgment from the answer.

Counsel urge that there was not sufficient evidence to support the verdict, and that the verdict was excessive, and the result of passion and prejudice, but a reading of the entire record satisfies us that there is no occasion for interference with the action of the jury.—AFFIRMED.