SOPHIE LAURY v. JOHN F. EVANS.[1]
LENY LAURY v. SAME.

November 14, 1902.

Nos. 13,290, 13,291—(56, 57).

**Slander—Pleading—Evidence.**

It was alleged in the complaints in these actions, among other things, that the defendant, in a store of which he was part proprietor, in the presence of a large number of people, said to, of, and concerning plaintiffs: "You get out of here. You came in here to see what you could find to steal."

(1) *Held,* that such words were actionable per se, and that the complaint stated a cause of action.

(2) *Held,* upon the evidence produced at the trial, that a case was made which should have been submitted to the jury

Separate actions in the district court for Hennepin county by Sophie Laury and Leny Laury, each to recover from defendant $5,000 for slander. The cases were tried together before Harrison, J., who directed a verdict in favor of defendant. From separate orders denying motions for a new trial, plaintiffs severally appealed. Orders reversed.

*Brady & Robertson,* for appellants.

*Charles B. Holmes,* for respondent

COLLINS, J.

These actions for slander were tried together, the testimony being identical as to each alleged offense. When both parties rested, defendant's counsel moved for a directed verdict upon two grounds: First, because the alleged slanderous words set forth in the complaint did not constitute a cause of action; and, second,

[1] Reported in 92 N. W. 224.

because the evidence at the trial was insufficient to sustain a verdict in favor of either plaintiff. From the record, it appears that the court granted the motion upon both grounds. It held that the words alleged to have been spoken as defaming plaintiffs, mother and daughter, were not actionable per se, and also that the proofs would not justify or sustain verdicts against the defendant, if rendered.

The primary question in these cases is whether the words alleged to have been uttered by the defendant were actionable per se. It was alleged in the complaint that defendant was part proprietor of a large department store in Minneapolis; that the plaintiffs had properly and lawfully entered the store as customers, and had made a purchase, just prior to the uttering of the words in question; and, with the proper inuendoes, it was further alleged that then and there, in the presence of a large number of people, the defendant said to the plaintiffs: "You get out of here. You came in here to see what you could find to steal." The real charge embodied in this language, and its effect, as it would be understood by reasonable persons, is that the plaintiffs had entered the defendant's store for the purpose of committing larceny, or, in other words, were guilty of the offense specified in G. S. 1894, § 6686, which provides that a person is guilty of a misdemeanor who, under circumstances not amounting to a burglary, enters a building with intent to commit a felony or larceny, or any malicious nuisance. No person measuring these words by the rule of ordinary meaning could reasonably doubt their signification. The charge was, in effect, that plaintiffs had visited the store for the express purpose of feloniously stealing, taking, and carrying away merchandise belonging to the proprietors.

It was not necessary, under the modern rules, that the plaintiffs should be accused of a crime in express terms, or technical language. Words alleged to be slanderous are actionable per se if they consist of a statement which would naturally and presumably be understood by the hearers as a charge of crime. This rule has prevailed in Minnesota for many years. See Johnson v. Force, 80 Minn. 315, 83 N. W. 182, and cases cited. A broader doctrine, well sustained by the authorities, is stated as follows: "It is not neces-

sary that the language used, in order to be slanderous, should be so spoken as, if true, to expose the person concerning whom it is uttered to a criminal prosecution. That is one of the tests by which to determine whether it constitutes a good cause of action, but it is not the only one. The other is that it imputes to a person a species of misconduct to which the law attaches a criminal punishment, and that thereby he is subjected to obloquy and social degradation and disrepute." 18 Am. & Eng. Enc. (2d Ed.) 873, par. E. The complaint stated a cause of action.

Both plaintiffs testified to the use by defendant, upon the occasion referred to, of language substantially the same as that set forth. To be sure, they were contradicted by other witnesses present, but if the words stated in the complaint were, in themselves, slanderous, it must follow that the plaintiffs' testimony was sufficient to require the cases to be submitted to the jury.

The court below erred in its rulings, and the orders refusing new trials are hereby reversed.