## MATHILDA ERNSTER v. ANNA ELTGROTH.[1]

April 29, 1921.

No. 22,237.

**Slander — chastity of unmarried woman.**

1. Words charging an unmarried woman with incontinence are actionable per se, even when no special damages are pleaded.

**Same.**

2. To render words actionable per se, in an action for slander, it is not necessary that they bear a criminal import. If, in their ordinary acceptation, the words spoken would naturally and presumably be understood as importing a charge of crime, they are prima facie actionable.

Action in the district court for Houston county to recover $20,000 for slander. Defendant demurred to the complaint on the ground that it did not set forth facts sufficient to constitute a cause of action. The demurrer was overruled, Catherwood, J. From the order overruling the demurrer, defendant appealed. Affirmed.

*Morris J. Owen* and *Lees & Bunge,* for appellant.

*Hopp & Larson* and *William E. Flynn,* for respondent.

QUINN, J.

This is an action for slander. Defendant demurred to the complaint

[1]Reported in 182 N. W. 709.

and the demurrer was overruled. The sole question presented is whether the complaint states a cause of action. No special damages are pleaded.

The pleading sets forth that plaintiff is an unmarried woman, 20 years of age, of chaste character and living at home with her parents; that defendant is a married woman and the wife of Nick Eltgroth; that in the presence of a number of persons defendant said of and to the plaintiff, the words as charged, which are fully set forth in the pleading. Courts will understand and construe such language as ordinary men naturally understand such words. Language need not necessarily bear a criminal import, in order to render it actionable per se. The test is whether, in the ordinary acceptation of the language, a person could reasonably doubt its signification. It is not necessary that the words should make the charge in express terms. They are actionable if they consist of a statement of facts which would naturally and presumably be understood by the hearers as a charge of crime. Stroebel v. Whitney, 31 Minn. 384, 18 N. W. 98. We think the language charged in this case strongly imports a charge of incontinence. Such language is seldom used even by the most vulgar and obscene. It can hardly be conceived how it could be considered in any other sense. As said in Reitan v. Goebel, 33 Minn. 151, 22 N. W. 291, the ground for an action for words, in the absence of special damage, is the immediate and natural tendency of the words themselves to produce injury to the person of whom they are spoken. The least that can be said of the charge, if believed, is that it directly indicated a total disregard of chastity and common decency, and must naturally excite the contempt and reprehension of all. The sufficiency of the pleading demurred to cannot be successfully assailed under the rule adopted in this state.

It is hardly conceivable that a young unmarried woman, 20 years of age, could in such direct and grossly vulgar language solicit a married man to have such intimate relations with her, unless she was given to indiscriminate illicit relations with men. It is alleged that the words used were understood by those hearing the same, as imputing unchastity and incontinence to plaintiff, and that she was thereby injured and damaged in her good name and reputation.

Affirmed.