## MARTIN LARSON v. R. B. WRIGLEY COMPANY.[1]

March 6, 1931.

No. 28,330.

*Truax & Lauber,* for appellant.

There was no brief filed on behalf of respondent in this court.

OLSEN, J.

Defendant appeals from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

Plaintiff, according to his testimony, is a "sheet metal worker and roofer." It may be inferred that he was an employe of someone engaged in the roofing business. On August 3, 1929, plaintiff and a helper were engaged in repairing or replacing a cornice of the roof of a building in Minneapolis. Metal and tar were used in the work. Defendant is a corporation engaged in the business of operating a number or chain of restaurants commonly known as cafeterias.

Plaintiff alleges in his amended complaint in substance that at the noon hour on said day he went to one of defendant's cafeterias, a short distance away, for the purpose of obtaining and being served a noon luncheon; that one of defendant's employes, in the course

[1]Reported in 235 N. W. 393.

of her employment and in furtherance of defendant's business, in the presence and hearing of numerous and divers persons, spoke of and concerning plaintiff these words: "You'll have to get out, you're too dirty." It is further alleged that these words were false and defamatory; that they were spoken wilfully, maliciously, and with reckless disregard of plaintiff's rights; that the words were of such a character as to subject plaintiff to great humiliation, insult, public ridicule and contempt; that plaintiff was refused service; that he was a fit and proper person to be served in defendant's restaurant, and his clothing and person were in a neat and clean condition. No special damages are claimed.

Defendant moved to dismiss the action on the ground that the complaint and the amended complaint failed to state a cause of action and moved for a directed verdict at the close of the evidence.

The complaint in this action is one to recover damages for slander or defamation by spoken words. There is a distinction between libel and slander. An action for libel may be maintained where the written words published are calculated to expose one to public contempt, hatred, or ridicule, without an allegation of special damages, whether or not the words used impute a crime or public offense.

In actions for slander two classes of words are actionable per se: (1) Words charging the commission of a crime involving moral turpitude, whether indictable or not. In that connection the words need not carry upon their face a direct imputation of crime. It is sufficient if the words spoken, in their ordinary acceptance, would naturally and presumably be understood, in the connection and under the circumstances in which they are used, to impute a charge of crime. Stroebel v. Whitney, 31 Minn. 384, 18 N. W. 98; Reitan v. Goebel, 33 Minn. 151, 22 N. W. 291; Pett-Morgan v. Kennedy, 62 Minn. 348, 64 N. W. 912; Richmond v. Post, 69 Minn. 457, 72 N. W. 704; Radke v. Kolbe, 79 Minn. 440, 82 N. W. 977; Nord v. Gray, 80 Minn. 143, 82 N. W. 1082; Earle v. Johnson, 81 Minn. 472, 84 N. W. 332; Laury v. Evans, 87 Minn. 396, 92 N. W. 224; Quist v. Kiichli, 92 Minn. 160, 99 N. W. 642; Burch v. Bernard, 107 Minn.

210, 120 N. W. 33; Roberts v. Butler, 122 Minn. 525, 142 N. W. 1134; Fredin v. Patsold, 152 Minn. 117, 188 N. W. 154. (2) The other class of words actionable per se are words directly disparaging and tending to prejudice and injure a person in his office, profession, trade, or business. Beek v. Nelson, 126 Minn. 10, 147 N. W. 668; Ernster v. Eltgroth, 149 Minn. 39, 182 N. W. 709.

As said by Justice Mitchell in Byram v. Aiken, 65 Minn. 87, 67 N. W. 807, 808:

"In this respect, libel differs from slander, where the law, in respect to our natural passions, gives no action for mere defamatory words, which it considers as transitory abuse, and not having substance and body enough to constitute an injury by affecting the reputation."

Tested by these rules the complaint and amended complaint fail to state a cause of action, and the case should have been dismissed or a verdict for defendant directed.

There is some indefinite suggestion in the record that plaintiff was deprived of his civil rights in being denied service in defendant's restaurant. The complaint is not reasonably open to that construction. Even if it were, our civil rights statute, G. S. 1923 (2 Mason, 1927) § 7321, covers only deprivation of rights on account of race or color. The evidence also fails to show any damages on that ground, or at all.

Other errors assigned, bearing on the question of a new trial, need not be considered.

The order appealed from is reversed with direction that judgment be entered for defendant.