*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* ESTATE OF EARNEST OVELL KING, SR.

EUGENIA HARDAWAY,

        Appellant,

v

EMELINE KING and THOMAS BRENNAN
FRASER, Special Fiduciary,

        Appellees.

UNPUBLISHED
June 23, 2025
2:58 PM

No. 371446
Oakland Probate Court
LC No. 2023-416077-TV

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

Eugenia Hardaway appeals as of right the probate court's order removing her as trustee and appointing Thomas Fraser as special fiduciary. We affirm.

## I. BACKGROUND

Earnest O. King had eight children, including Hardaway and Emeline King. Upon Earnest's death, his estate was to pour over into his Living Revocable Trust. Hardaway was the successor trustee of Earnest's Trust. King lived with Earnest as his caretaker for approximately four years, starting in 2019. Earnest passed away on June 29, 2023. On June 30, 2023, King left Earnest's home to run errands. While King was away from the home, Hardaway changed all of the locks, including the locks on the mailbox. On October 4, 2023, King changed the locks and did not provide Hardaway with a copy of the key.

Earnest's home is the primary asset in the Trust. King filed a petition requesting supervision of the Trust, removal of Hardaway as trustee, a compelled accounting, a surcharge of Hardaway, and to enjoin Hardaway from dissipating Trust assets. King alleged Hardaway should be removed as trustee for committing a breach of trust, refusing to respond to beneficiaries, and failing to properly administer the Trust. She asserted a special fiduciary should be appointed to

-1-

preserve and properly administer the Trust. Hardaway responded and claimed she had not engaged in any conduct that was a breach of her fiduciary duties. A mediation was held and the case was settled. Among other terms, King was to vacate the home so it could be sold.

King later moved to enforce the settlement agreement, compel the sale of the home, remove Hardaway as trustee, appoint an independent fiduciary, compel an accounting, and for fees and sanctions. She alleged that Hardaway had repeatedly stated she would not sell the home and had not listed it for sale. At the hearing regarding this motion, King's attorney acknowledged Hardaway had listed the home for sale, but contended that Hardaway refused to go through with a sale. The probate court granted King's motion to enforce the settlement agreement and appointed Fraser as the special fiduciary.

## II. ANALYSIS

Hardaway argues that the probate court erred in removing her as a trustee because there was no statutory reason to remove her as trustee, no evidence supporting her removal, and her removal violated the terms of the trust. We disagree.

"This Court reviews for an abuse of discretion a probate court's dispositional rulings and reviews for clear error the factual findings underlying a probate court's decision." *In re Portus*, 325 Mich App 374, 381; 926 NW2d 33 (2018) (cleaned up). "An abuse of discretion occurs when the probate court chooses an outcome outside the range of reasonable and principled outcomes." *Id.* (cleaned up). "A probate court's finding is clearly erroneous when a reviewing court is left with a definite and firm conviction that a mistake has been made, even if there is evidence to support the finding." *Id.* (cleaned up). We "will defer to the probate court on matters of credibility, and will give broad deference to findings made by the probate court because of its unique vantage point regarding witnesses, their testimony, and other influencing factors not readily available to the reviewing court." *In re Conservatorship of Brody*, 321 Mich App 332, 336; 909 NW2d 849 (2017) (cleaned up).

"Except as otherwise provided in the terms of the trust," the duties and powers of a trustee are governed by the Michigan Trust Code, MCL 700.7101 *et seq.*, which is set forth as Article VII of the Estates and Protected Individuals Code, MCL 700.7101 *et seq.* MCL 700.7105(1). The terms of the trust do not prevail over the court's power "to take action." MCL 700.7105(2)(p). A qualified trust beneficiary may request the removal of a trustee, or a court may remove a trustee "on its own initiative." MCL 700.7706(1). The specific requirements for the removal of a trustee by a court have been "comprehensively codified" by the Legislature. *In re Pollack Trust*, 309 Mich App 125, 163; 867 NW2d 884 (2015). A court may remove a trustee if one or more of the following grounds are met:

(a) The trustee commits a serious breach of trust.

(b) Lack of cooperation among cotrustees substantially impairs the administration of the trust.

(c) Because of unfitness, unwillingness, or persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the purposes of the trust.

(d) There has been a substantial change of circumstances, the court finds that removal of the trustee best serves the interests of the trust beneficiaries and is not inconsistent with a material purpose of the trust, and suitable cotrustee or successor trustee is available. [MCL 700.7706(2).]

A breach of trust occurs when a trustee violates the duties they owe to a trust beneficiary. MCL 700.7901(1). The duties imposed on a trustee are dependent on the terms of the trust, as well as the relevant statutes and caselaw. *Kilian v TCF Nat'l Bank*, 343 Mich App 621, 636; 997 NW2d 745 (2022). A trustee is required to administer a trust "in good faith, expeditiously, in accordance with its terms and purposes, for the benefit of the trust beneficiaries, and in accordance with this article." MCL 700.7801. By statute, a trustee is required to "administer the trust solely in the interests of the trust beneficiaries[,]" MCL 700.7802(1); and, in doing so, the trustee "shall act as would a prudent person in dealing with the property of another, including following the standards of the Michigan prudent investor rule," MCL 700.7803. Prudence means "acting with care, diligence, integrity, fidelity[,] and sound business judgment." *In re Messer Trust*, 457 Mich 371, 380; 579 NW2d 73 (1998) (cleaned up). Removal of a trustee is an appropriate remedy for a breach of trust. MCL 700.7901(2)(g). Whether a trustee breached a duty is dependent on the facts of the case. *In re Green Charitable Trust*, 172 Mich App 298, 312; 431 NW2d 492 (1988).

Hardaway argues that there was no statutory or factual basis for the probate court to remove her as trustee and further alleges that the court's removal violated the terms of the Trust.[1] The Trust states that "[a]fter the death or disability of [Earnest and his wife], a majority of beneficiaries then eligible to receive mandatory or discretionary distributions of net income under this agreement may remove any incumbent Trustee . . . ." Notwithstanding this provision, a probate court has the power to remove a trustee under statutory grounds. MCL 700.7105(2)(p); MCL 700.7706(2).

The probate court found that the parties' behavior was "outrageous" and the home was sellable. The court's findings were supported by the record.[2] Although the court did not expressly identify any of the statutory grounds for removal identified in MCL 700.7706(2), examining the

---

[1] King alleges that Hardaway's argument that the removal violated the terms of the Trust is made for the first time on appeal. This is incorrect, as Hardaway raised the argument in her response to King's petition.

[2] Although neither King nor Hardaway testified at the hearing, they both declared that the information contained in the Petition and Response were true under the penalty of perjury. MCR 1.109(D)(3). Because these documents were verified, the probate court could consider them as evidence. *Jackson v Detroit Bd of Ed*, 18 Mich App 73, 80; 170 NW2d 489 (1969) ("The verification is a certification of truth."); *Crone v Angell*, 14 Mich 340, 347 (1866) (Verified witness statements "stand on the same footing as affidavits which the parties have agreed may be used in evidence . . . .").

record, it is apparent that the removal was pursuant to MCL 700.7706(2)(c). Under that subsection, the court may remove a trustee if, "because of . . . persistent failure of the trustee to administer the trust effectively, the court determines that removal of the trustee best serves the purposes of the trust." It is undisputed that the home is the primary asset in the Trust. It is further undisputed that Hardaway locked King out of the home one day after Earnest's passing, and King locked Hardaway out of the home several months later. The settlement agreement was entered on December 15, 2023. Relevantly, it stated that King would provide Hardaway with a key to the home, Hardaway would prepare the home for sale, Hardaway would provide a timeline for listing the home for sale, and King would be paid $80,000 from the proceeds of the sale. It is undisputed that the home was not listed for sale until May 28, 2024. Over five months had elapsed between the entry of the settlement agreement and the listing of the home, which was nearly one year after Earnest's death. Hardaway had a duty to expeditiously administer the trust, but persistently failed to do so. We do not find the probate court's removal of Hardaway as trustee outside the range of reasonable and principled outcomes.

Affirmed.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel

-4-