## Benjamin M. Tyler *vs.* White Dyer.

A bond conditioned to perform an award of referees was signed by both parties to it and left in the hands of a third person, with directions not to give it up without the consent of both.   The action was maintained on the bond without such assent to its delivery.

Where a complaint and warrant, issued by one justice and returned to another, were proved to have been lost, parol evidence of their contents was admitted.

Where referees awarded, that one party should pay to the other the costs of a criminal prosecution, instituted on the complaint of him in whose favor the award was made ; it was held, that so much of the award was void.

In an action on a bond to perform an award, evidence offered to shew that the line in dispute, established by the referees, was not the true line, was held to be inadmissible.

A submission in the form prescribed in the *stat. ch.* 78, with the omission of the words requiring the award to be made to the Court of Common Pleas, is a submission at common law.

THIS was an action of debt on a bond, executed by both plaintiff and defendant, in the penal sum of five hundred dollars.   The condition of the bond recited, " that whereas we have agreed to submit the settlement of the line betwixt the lots No. 16 and 17 in the 4th range East, in *Baldwin,* to the determination" of certain referees, " and have entered into a rule, that their decision shall be final, as to the line and all costs, that have arisen betwixt us about the premises" and provided that the obligation should be void, " if the said *Tyler* and *Dyer* shall abide the decision of said referees in settling said line and all costs, and do and perform each to the other every obligation ordered by said referees promptly and without delay, by quitclaim deed and payment of costs."   The rule referred to in the bond was under the hands and seals of the parties, and acknowledged before a justice of the peace, and followed the form prescribed in the *stat. ch.* 78, ex-

cepting that it contained no provision for its return to and acceptance by the Court of Common Pleas. In this rule the subject matter of the reference is thus stated. To submit the settlement *of the line betwixt us, and all costs, which has been long disputed by us,* to the determination" of the referees.

The award of the referees was made upon the back of the rule of submission, and after establishing the line between the parties, concluded thus. "The cost of court before *G. C. Esq.* in an action of trespass on the 30th day of *May,* 1831, to be paid by said *Tyler* — the costs of court on said 30th day of *May,* before *W. T. Esq.* to be paid by said *Dyer;* and also the referee's fees and expenses of former survey, amounting to fifteen dollars, to be paid by said *Dyer.*"

It appeared on the trial, that the bond had been left by the parties with *W. Thompson, Esq.* for safe keeping until they should take it out of his hands by mutual agreement. The bond remained in his possession, except when loaned for a few days, until it was produced on the trial, each party having previously had a copy. The defendant objected to the reading of the bond until it had been proved, that the defendant had assented that the bond should be delivered up. *Emery J.* before whom the trial was had, overruled the objection.

The plaintiff proved the payment by him of fifteen dollars to the referees for their services, and the expense of a former survey, and that he paid to the defendant the costs awarded to be paid by him. It appeared on the trial, that the costs of court before *W. T., Esq.* awarded to be paid by the defendant to the plaintiff, amounting to the sum of $18,08, were the costs made on a complaint in behalf of the State, by *Tyler* against *Dyer,* for a wilful trespass on the land in dispute. The complaint and warrant were made before one justice, and returned before another, but no proceedings were had upon them, although preparation had been made for the trial. The trial was stopped in consequence of the parties entering into the agreement to refer. The justice to whom the complaint and warrant had been returned testified, that no record had been made of them, and that they could not be found at the time of the trial; and was proceeding to state their contents, when the defendant objected, because the originals were

Tyler *v.* Dyer.

not produced. *The objection was overruled.* It was also objected, that the referees had exceeded their authority in awarding the payment of that bill of costs; but this objection was overruled.

The defendant proposed to introduce evidence to show, that the line was established by the referees in the wrong place; but this evidence was also rejected by the Judge.

The defendant insisted, that the submission in this case, was under the *stat.* of 1821, *ch.* 78, and objected that the award was void, because referees appointed under that statute have no jurisdiction of questions concerning the title to real estate; and because no demand subscribed by the party making it, was annexed to the submission; and because the report of the referees had not been made to the Court of Common Pleas held next after it had been agreed upon. The Judge overruled all these objections. It was proved, that the referees read their award to the respective parties at the time it was made.

The defendant consented to be defaulted, subject to the opinion of the court, on the ruling and decisions of the Judge.

*Codman,* for the defendant.

1. The parol testimony in regard to the complaint and warrant should not have been admitted. The best evidence should be produced. 1 *Stark. on Ev.* 102. In this case the best evidence was the original papers. If they could not be found by the justice to whom they had been returned, then the record of the justice issuing them should have been produced, before evidence of their contents was admissible. *Stockbridge* v. *West Stockbridge,* 12 *Mass. R.* 400; *Thayer* v. *Stearns,* 1 *Pick.* 109.

2. The referees exceeded the authority given them in awarding to the plaintiff, the costs in the case, *State* v. *Dyer.* The referees have no power to award costs, unless it is expressly given them in the submission. *Gordon* v. *Tucker,* 6 *Greenl.* 247. Their whole authority is derived from the written submission signed by the parties, and that gives power only over the costs of the reference. *Bean* v. *Farnham,* 6 *Pick.* 269; *North Yarmouth* v. *Cumberland,* 6 *Greenl.* 21. But no submission of the question, whether the defendant should pay to the plaintiff the costs

of a process in behalf of the State, can be binding on them. The *stat. ch.* 235, forbids the payment of costs to the complainant before a Justice of the Peace.

3. The defendant should have been permitted te shew, that the referees erred in establishing the line in the place they did. The case of *Bean* v. *Farnham,* before cited, goes to that extent.

4. The submission is acknowledged before a Justice of the Peace, and is in the form prescribed in the statute, with the omission of a few words, and was manifestly intended by the parties to be a statute submission. The award is therefore void. It is void, because referees have no jurisdiction of questions concerning the title to real estate. *Fowle* v. *Bigelow,* 8 *Mass.* R. 1; *Fryeburg Canal* v. *Frye,* 5 *Greenl.* 38. Void, because no demand signed by the party making it was annexed to the submission. *Ballard* v. *Coolidge,* 3 *Mass.* R. 324; *Mansfield* v. *Doughty,* 3 *Mass.* R. 398; *Woodsum* v. *Sawyer,* 9 *Greenl.* R. 15. And void because the report of the referees was not made to the Court of Common Pleas, held next after it had been agreed on. 5 *Mass.* R. 489; *ibid,* 524; 10 *Mass.* R. 141; 1 *Mass.* R. 411; 5 *Mass.* R. 139; 14 *Mass.* R. 48.

*Fessenden & Deblois,* and *Swasey,* for the plaintiff.

1. The parol evidence in relation to the costs of the process in behalf of the State, was properly admitted. The evidence was offered only to shew the amount of the costs of that process, and there is no necessity, that any record should be produced for that purpose. As the Justice to whom the complaint and warrant were returned never acted under them, the costs were never made up by him in his official character, and therefore the record, if made out, would not shew the amount. The Justice had nothing to record, as he never acted, and had nothing before him, on which he could found a record. But were it otherwise, the Justice testified to his having had the papers in his possession and to their loss; and the custodier is the proper person to testify to the custody and the loss. *Jones* v. *Fales,* 5 *Mass.* R. 101. This was the best evidence to be found to establish the fact, and the best evidence is always admissible. Parol evidence is admissible to prove the contents of a written instrument, which has been

lost. *Taunton, &c. Turn. Corp.* v. *Whiting,* 10 *Mass. R.* 332; *Cady* v. *Eggleston,* 11 *Mass. R.* 282; *Welsh* v. *Barrett,* 15 *Mass. R.* 380; *Bassett* v. *Marshall,* 9 *Mass. R.* 312.

2. Although the process was in behalf of the State, still it could be supported only by establishing the title of the plaintiff to the land in controversy. The process was not pursued to a final conclusion in consequence of entering into this submission, and the complainant was compelled to pay them, because the law forbids them to be taxed and paid by the State. The costs were incurred by the plaintiff in asserting his title, and were agreed by the parties to abide the result of the decision of the referees in regard to the line, as were also costs of another process where the defendant was complainant. The defendant has received the costs awarded to him, and ought in equity to pay this sum. This is a sufficient consideration for an express agreement to refer.

The counsel for the defendant were proceeding to their reply to the other points made in defence, but were stopped by the Court. They however cited on the 4th point, *Small* v. *Conner,* 8 *Greenl.* 165.

The action was continued *nisi* for advisement, and the opinion of the Court afterwards delivered by

EMERY J.—This is an action of debt on an arbitration bond, conditioned to abide the decision of three gentlemen, named in the submission, as to the settlement of the line betwixt the lots No. 16 and 17 in the fourth range East, in *Baldwin,* and all costs that had arisen betwixt the parties about the premises.

In the progress of the trial, as opened to the jury, various objections were interposed by the counsel for the defendant and overruled. He objected to the reading of the submission till proof of consent that the bond should be delivered up. The execution of the bond was proved by the testimony of *William Thompson.* And it being written so that each severally bound himself to the other in the penal sum of 500 dollars, to abide the award; the bond was left with *Thompson* for safe keeping, till the parties called for it, and until they took it out of the witnesse's hands by mutual agreement. Each had a copy. The witness did not know, whether he gave the bond to *Mr. Swasey,*

but thinks he did. *Dyer* said he did not care what became of the bond, and the witness did not recollect any consent of *Dyer* to deliver up the bond to *Swasey.* The witness was summoned and required to bring the bond into Court, and he did. We cannot think that the plaintiff's remedy upon this bond depends upon the withholding of *Dyer's* consent to the delivery up of the paper to *Tyler.* — The paper was executed and delivered as the deed of each, to be an available security to which ever of them should have occasion to try its legal efficacy. And the *witness,* with whom it was left for safe keeping, could not withhold it from the summons of the Court, where the rights of the parties were to be tried. The parol proof by *Thompson,* as to the loss of the warrant, was also a subject of objection. The witness stated, that he made diligent search for the warrant, but could not find it. It was laid on the witnesse's table, and the parties agreed to refer their subjects of dispute.

Here the proof of the loss was full enough to let in the parol proof of the contents of the complaint and warrant. In an action for a malicious arrest, where parol evidence was given of the loss of the information and warrant upon which the plaintiff was arrested, the plaintiff was at liberty to go into secondary evidence of their contents. *Freeman* v. *Arkell,* 3 *D. & R.* 669.

The plaintiff and defendant being neighbours, whose lands joined, had long been in dispute about their boundary, as is stated in the submission. They had been in litigation, and had respectively incurred costs, but in a state of momentary good feeling, or possibly for the time, tired of their unprofitable prosecutions, concluded to refer those subjects, the line and costs, to three gentlemen of respectability mutually chosen. After the matter had been decided by them, and the result was announced, and after *Dyer* had promised to pay the cost, he said he had part of it at home and the rest he would make out immediately. Yet when the suit is brought, he still resists. And notwithstanding the small value of the land, the subject matter in controversy, as one of the witnesses says, not five dollars, yet we must decide it according to the principles of law, applicable to subjects of this description.

It is a submission at common law, and not under the statute. The return therefore to any Court was unnecessary. The nature of the subject referred is disclosed in the submission. No other annexation of a demand was required.

The proposition to shew that the line was established in the wrong place, was, on the argument, fully considered by the defendant as a hopeless matter to be attempted. It was precisely the subject which had been decided against his client by judges of his own choosing.

We see no proof of partiality or misconduct on the part of the referees. If any thing of the kind existed, it comes from the frank disclosure of that gentleman, who said his prejudgment was in favor of the defendant, but he was irresistably driven from that ground by the evidence before the referees.

No imputation of unfairness rests upon him.    *Graves* v. *Fisher & al.* 5 *Greenl.* 69.

The general principle recognized by this Court, in *North Yarmouth* v. *Cumberland*, 6 *Greenl.* 21, is that an awrd of arbitrators, at common law, is not examinable except on the ground of corruption, gross partiality, or evident excess of power. And this last ground of complaint is pressed upon our consideration in the objection that the referees exceeded their authority in awarding the bill of costs against *Dyer*, of $18, 08, in a suit in behalf of the State, on complaint of *Tyler* v. *Dyer*, on the statute. This is the most serious matter of objection.

In *Maine Laws, 3d vol. ch.* 235, *pp.* 64–5, it is enacted, "that no costs are to be taxed or allowed, by a Justice of the Peace on complaint alleging any offence against law to have been committed, for the benefit or use of the complainant as a witness, aid or constable, or in any other capacity whatsoever, nor greater fees than what are expressly established and allowed in criminal cases, by the act establishing and regulating fees of officers and other persons therein mentioned."

In the same Act it is provided by the 3d section, that " where upon any examination had before any Justice of the Peace, upon complaint made, the party accused shall be ordered by such Justice to recognize to answer before any Court having jurisdiction of the offence charged, and the Grand Jury of such Court, upon

investigation shall not find a bill of indictment against such accused party, the Justice so ordering him to recognize shall not be entitled to receive any fees for any services rendered in said case, from the State or County," leaving the implication, as is contended, that he is rightfully entitled to demand and receive compensation from the complainant, and hence inferring, that if paid by the complainant, it lays the foundation for reclaiming the amount from the person accused.

There are English and American authorities, which go toward countenancing the allowance, in an award, of great latitude.

The Court will not entertain an application for setting aside an award founded upon an indictment at the Assizes for not repairing a road, though the question in dispute be of a civil nature. *Rex* v. *Cotesbatch*, 2 *D.* &amp; *R.* 265.

And though an arbitrator on a question of mixed law and fact has allowed transactions apparently illegal, as premiums of insurance on a voyage to a hostile port, the court will not set aside the award. *Wohlenberg* v. *Lageman*, 6 *Taunt.* 254. And an award of costs is good, though the principal sum if found by a jury would not carry costs. *McLaughlin* v. *Scott*, 1 *Bin.* 61. It has also been said, that having submitted to a judge chosen by themselves, the parties give to his acts an authority which the courts would not allow to their own. *Wood* v. *Griffith*, 1 *Swan.* 56.

And arbitrators, unless terms of the submission expressly provide otherwise, are judges of both law and fact. *Klein* v. *Catara*, 2 *Gal. R.* 61. The plaintiff expended this bill of cost in a criminal prosecution against the defendant on the complaint of the plaintiff.

But it is manifest that this bill of cost and officer's fees ought not to have been included. It would be dangerous to give encouragement to such allowances on references, of costs incurred in prosecutions in the name of the State to aid a civil injury. It was not costs between the parties in legal acceptation. Yet as this is plainly to be separated by the award, from the rest which is not objectionable, it does not go to destroy the whole. *Gordon* v. *Tucker et al.*, 6 *Greenl.* 247. The line is happily settled, and the residue of costs is fairly chargeable. It comes then

merely, on a hearing in chancery, to what amount execution shall issue on the judgment for the penalty. We think our distinction will not conflict with *Smith* v. *Thorndike*, 8 *Greenl.* 119, or *Walker* v. *Sanborn*, 8 *Greenl.* 288.

It is a settled rule of law, that in the construction of awards no intendment shall be indulged to overturn an award, but every reasonable intendment shall be allowed to uphold it. 1 *Peters*, 222, *Karthaus* v. *Ferrer & al.* We think favorably of the mode of terminating controversies between neighbors, such as was adopted in this case, and feel bound to give a fair and liberal construction to support awards, as far as we can, where there is no fraud, partiality or corruption on the part of the arbitrators. The default must stand and judgment be rendered in favor of the plaintiff for the penalty.