### J. C. MERRILL *vs.* F. T. LENEHAN.

---

ASSUMPSIT upon an award will lie where there was a plain and clear agreement to submit certain matters in difference to arbitration and where the arbitrator makes a decision after a hearing—finding a sum due from one party to the other—though the agreement to arbitrate, and the proceedings under it, do not follow the statute of arbitrations.

The objection that the action ought to have been brought under Section 1,100 of the Civil Code is untenable.

Opinion of the Court by AUSTIN, J.

This action comes here on writ of error from a judgment

in favor of a demurrer of the defendant to the plaintiff's complaint.

The return shows that the action is in assumpsit upon an award, and based upon a written agreement to submit certain differences and disputes between the parties hereto to the arbitrament and determination of an arbitrator named, and to be bound by his decision; and the complaint alleges that his decision was duly made and published whereby he found a certain sum due from the defendant to the plaintiff upon said matters in difference which defendant refused to pay on demand, and the plaintiff asked judgment.

The defendant, by his former attorney (Mr. Davidson), demurred to the complaint as not in compliance with the statute concerning arbitrations, and as insufficient otherwise to authorise a recovery.

The objection that the submission and award ought to have been attached to the complaint, and the suit brought under Section 1,100 of the Code, we think not well taken.

The agreement made rests in two papers, the first of which as pleaded is based on unliquidated demands; and the second refers to the first, and is not complete in itself. We think the suit was properly brought in assumpsit.

The agreement, as pleaded, undoubtedly would have been valid at common law, and it constitutes a plain and clear agreement, which ought to be enforced here unless the statute concerning arbitrations forbids it.

This statute provides specially how arbitrations may be entered into and enforced by certain fixed methods, and provides that, unless the statute be followed, such arbitrations cannot be enforced. But the statute does not exclude in terms other methods of submission to arbitration.

In Burnside *vs.* Whitney, 21 N. Y. R., pp. 148–9, the Court held, under a statute similar to our own, that the provisions of such a statute were "cumulative merely, not exclusive; and that an award pursuant to a submission, which would have

been valid at common law, but which did not conform to the statute would support an action."

This holding of the highest Court in New York is in conformity with the holdings in several other cases in that State.

It is also followed and endorsed by the decisions of the Courts in England, and in many of the highest Courts in the United States, as shown by the citations of the defendant's counsel.

In the case of Bulson vs. Lohnes, 29 N. Y. R., p. 375, cited by the Chief Justice in his opinion below, this doctrine was supposed to be overruled. On a closer examination of that case we are convinced that such was not the intention of the Court. That case held only, that in a case where three arbitrators were appointed the Statute of Arbitrations applied to all cases whether made at common law or specially under the statute in its provision, that all the arbitrators must meet and hear the matters in controversy, though two only might make the award. In that case only two of the arbitrators met and the defendant was not present and did not sanction their acts. The Court decided that these facts invalidated the award which would have been good at common law, but decided no other point, and the ruling in 21, N. Y. R., still remains intact in that State, except as so reasonably modified.

In Massachusetts only do the cases seem to hold that submissions at common law would be void. The case of Deerfield vs. Arms, 20 Pick., 480-3-4, cited for the defendant, is a case where the parties strictly followed the statute, except in one particular, and the Court held this fatal. But it may be inferred from the language used by the Court in pages 483-4, that if the agreement to submit manifestly did not intend to follow the statute, such agreement, if clear and definite, might be binding on the parties.

There is nothing pleaded in this case showing an intention to follow the statute. On the contrary the submission as pleaded appears to be outside of that statute.

J. C. Merrill *v.* F. T. Lenehan.

In analogy to the body of the decisions made elsewhere, we hold that the complaint avers a cause of action.

We do not think public policy requires a decision that the statute of arbitrations shall be always followed.

If parties having unliquidated money differences should meet and agree to settle, and thereupon one should deliver to the other his obligation for the amount agreed upon, that obligation should be enforceable and conclusive on both parties, and only fraud and mistake could defeat it.

We think reason says that, unless expressly forbidden by the law, the same parties should have the right to agree that whatever sum an arbitrator determines that either of the parties owes the other shall be the sum due from him.

We think the decision must be reversed, with liberty to the defendant to answer in twenty days.

F. M. Hatch and E. Preston for plaintiff.

A. S. Hartwell for defendant in error.

Honolulu, April 11, 1883.