OLIVER K. EARLE v. ALBERT JOHNSON.[1]

December 5, 1900.

Nos. 12,249—(128).

**Appraiser of Real Estate—Arbitrator.**

A person chosen as an appraiser for the purpose of determining the value of leased real property, that such appraisement may furnish a basis of valuation for the amount of ground rent to be paid therefor, is to all intents and purposes a common-law arbitrator. He is amenable to, and as a "chosen arbitrator" can be convicted of, a misdemeanor, under the provisions of G. S. 1894, § 6350.

**Slander—Words Actionable per se.**

One who uses language as follows of and concerning such an appraiser or arbitrator: "I want to say that, if I had not been sold out in the Benz appraisement, they would never have got it for $650 a front foot, but they bought up my appraiser, and the thing was got by fraud. I was sold out;" and also: "I did not watch my appraiser. They got hold of my appraiser, and he sold me out, and the whole thing was got by fraud, and was dishonest, and I can prove it. I know it and I can prove it. My man Earle was bought by the other side, and sold me out, and I can prove

[1] Reported in 84 N. W. 332.

it,"—charges such appraiser or arbitrator with the commission of a crime. Such words are slanderous per se.

## Charge to Jury.

Certain points made by counsel in reference to the charge of the court disposed of.

## Verdict not Excessive.

The verdict against the defendant for the sum of $1,500 *held* not excessive, under the circumstances appearing in this case.

Action in the district court for Hennepin county to recover $25,000 damages for slander. The case was tried before Harrison, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for judgment in favor of defendant notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

The eighth request referred to in the opinion was as follows:

"It is a too well-settled principle of law to be questioned that one who utters a slander is not responsible, either as on a distinct cause of action or by way of aggravation of damages of the original slander, for its voluntary and unjustifiable repetition, without his authority, by others over whom he had no control; and such repetition cannot be considered by you as a necessary, natural or probable consequence of the original slander."

*S. A. Reed*, for appellant.
*Nye & Deutsch*, for respondent.

COLLINS, J.

An action for slander in which the plaintiff had a verdict for $1,500. The appeal is from an order denying a new trial.

It appears from the complaint that the plaintiff had been chosen by the defendant to act in his behalf as one of a board of appraisers to determine the value of certain real property owned by the latter, which appraisement was to furnish the basis of valuation for the amount of ground rent to be paid therefor, under the terms and conditions of a lease held by third parties as lessees; that the lessees also appointed an appraiser, and that the latter and the plaintiff selected a third appraiser, as provided by the lease. The three persons, or board, thus appointed determined the value of the leased

property, duly made a report to that effect, and their valuation formed the basis. upon which rent was fixed. It was also alleged that thereafter the defendant wrongfully and maliciously used certain false and defamatory words of and concerning the plaintiff in the presence and hearing of others, the words being set out with the proper innuendoes, as follows:

"I want to say that, if I had not been sold out in the Benz appraisement, they would never have got it for $650 a front foot, but they bought up my appraiser, and the thing was got by fraud. I was sold out."

And it was also alleged that he used other words of and concerning the plaintiff, at the same time and place, as follows:

"I did not watch my appraiser. They got hold of my appraiser, and he sold me out, and the whole thing was got by fraud, and was dishonest, and I can prove it. I know it, and I can prove it. My man Earle was bought by the other side, and sold me out, and I can prove it."

At the trial the words as alleged in the complaint were not precisely proven, but they were proven in substance, and that is sufficient, under the rule laid down in Wischstadt v. Wischstadt, 47 Minn. 358, 50 N. W. 225, in which it was said that in an action for slander it is enough that the words proved are the same, in substance, as those set out in the complaint. A verbal difference, not changing the meaning of the words, is immaterial. The court charged the jury upon this point, and we are of the opinion that the implied finding that the words alleged were proved, in substance, at the trial, is sustained by the evidence.

The court also charged the jury, as a matter of law, that the words alleged in the complaint charged the plaintiff with the commission of a crime, and by defendant's exception to this part of the charge its correctness is made the principal question in the case. It is hardly necessary to say that defamatory words falsely spoken of a person, which accuse him of the commission of a crime, are actionable per se, and if, by using the language in question, plaintiff was accused of a crime, the court was correct in its charge, and the exception was of no moment. We are referred by plaintiff's attor-

neys to three sections of the General Statutes of 1894, under either of which it is said this particular instruction can be sustained, viz. sections 6350, 6351, and the sixth subdivision of section 6423. We are not compelled to express an opinion as to either of the last two mentioned sections, for section 6350 provides that

"A juror, or a person drawn or summoned to attend as a juror, or a person chosen arbitrator, or appointed referee, who either, 1. makes any promise or agreement to give a verdict, judgment, report, award, or decision for or against any party; or * * * is guilty of a misdemeanor."

A person acting in the capacity of the plaintiff as an appraiser under a lease, which requires a valuation to be fixed upon real property, is to all intents and purposes an arbitrator at common law. The proceeding is, in effect, a common-law arbitration. See Goddard v. King, 40 Minn. 164, 41 N. W. 659. And common-law arbitrations are expressly reserved and recognized in this state. G. S. 1894, § 6228. The plaintiff was a "chosen arbitrator" or appraiser, within the meaning of section 6350. If the charge made by defendant was true, he was amenable to, and could have been convicted under, the provisions of that section, and it follows that he was charged with the commission of a misdemeanor, which is a crime under our statutes. As we have stated, it is unnecessary to express any opinion as to whether the plaintiff was within the provisions of either of the other two sections mentioned. As bearing upon the contention that he was charged with having committed the misdemeanor mentioned in the sixth subdivision of section 6423, we refer to the recent case of Nord v. Gray, 80 Minn. 143, 82 N. W. 1082.

We have examined with care the other points made by counsel as to the charge of the court, and especially his contention that the court erred in refusing to give each of the requests presented by him. They need no special mention, but, in view of what counsel urged upon the argument in reference to the eighth request, we will say that, while the principle of law laid down in that request is correct in the abstract, it had no particular applicability to the case in hand; for there was no evidence that there had been a repetition

of the slander, voluntary or otherwise, by others. Mr. Bishop testified to nothing of the sort.

In view of the fact that plaintiff was very publicly charged with the commission of a crime, we do not regard the verdict of $1,500 as excessive in amount.

Orders affirmed.