ROBERT HIND v. EBEN P. LOW.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

SUBMITTED OCTOBER 14, 1902.        DECIDED NOVEMBER 7, 1902.

FREAR, C.J., GALBRAITH AND PERRY, JJ.

A partnership of indefinite duration may be dissolved at will, and
one formed for a specified period may be dissolved in equity for
cause, and probably it may be dissolved at will before the expira-
tion of such period, though the one so dissolving it will be liable
to an action for damages for breach of contract and may be denied
assistance in equity.

But if the agreement of partnership, though specifying a definite term,
also provides that the partnership may be dissolved at the will
of any partner at any time, any partner may so dissolve it at will
without liability to action for breach of contract or denial of
assistance in equity in respect to an accounting and winding up.
The agreement in question is held to be of this character.

The court should not interpolate words in a contract unless necessary
to effectuate the intention of the parties as gathered from the
whole instrument.

An agreement to arbitrate which is general and does not make sub-
mission to arbitration a condition precedent to the right to sue
does not prevent suit without first submitting to arbitration.

OPINION OF THE COURT BY FREAR, C.J.

This is a bill for an accounting and for winding up a partner-
ship. The bill sets out the agreement of partnership, dated
October 1, 1893, between the plaintiff and defendant, under
which they have ever since conducted a large stock ranch at
Kohala on the island of Hawaii; also certain reasons why the
plaintiff desires a dissolution of the partnership, the fact that he
has notified the defendant that it is dissolved, has demanded a

settlement, the defendant's refusal, etc., and prays for an accounting and a sale of the property and distribution of the proceeds. The answer, which, like the bill, is somewhat lengthy, goes into the various reasons alleged by the plaintiff for his desire to dissolve the partnership, and alleges that no good cause exists for its dissolution, and that by the terms of the agreement the partnership is to continue for the term of twenty-five years and misunderstandings are to be settled by arbitration.

The Circuit Judge, treating the answer as a demurrer, overruled it on the ground that the partnership could be dissolved at will under the terms of the agreement. He did not go into the question of arbitration. The defendant appealed.

The only questions before us are whether the agreement permits a dissolution of the partnership by one of the partners without cause before the expiration of the twenty-five years for which the partnership was formed, and whether the provision for arbitration prevents the plaintiff from coming into equity.

There is no doubt that a partnership formed for no particular period may be dissolved at will by any partner, and that a partnership formed for a particular period may be dissolved for cause in equity before the expiration of that period. And probably the preponderance of authority at the present time supports the view that a partnership, though formed for a particular period, may be terminated at will by any partner before the expiration of that period, although by doing so such partner renders himself liable to an action for damages for breach of contract and may be denied the assistance of a court of equity. See *Karrick v. Hannaman,* 168 U. S. 328; *Lapenta v. Lettieri,* 72 Conn. 377; Shumaker, Partn., 409-414; 2 Bates, Partn., §577; Mechem, Partn., §239. But, although a partnership is formed for a definite period so as to continue for that period, unless sooner dissolved, and so as to determine by limitation at the expiration of that period, unless further continued by a new agreement, express or implied, the agreement of partnership may contain a provision that the partnership may be dis-

solved before the expiration of the specified period upon the hap-
pening of certain contingencies or at the will of any partner, in
which case, if any partner, in accordance with such provision,
dissolves the partnership before the expiration of such period, he
will not be liable in an action for damages or denied assistance in
equity. See *Swift v. Ward*, 80 Ia, 700.

The plaintiff's contention is that the agreement in question
is of this last above mentioned kind, and that the partnership
in question may be dissolved at will by either partner. The
question is therefore whether that is the proper construction of
the agreement. The clauses bearing upon this question are the
following:

"The said parties agree to associate themselves as Copartners,
for a period of twenty-five years from this date, in the business,"
&c.

"And further, should either partner *desire*, or should death
of either of the parties, or other reasons, make it necessary,
they, the said copartners, will each to the other, or, in case of
death of either, the surviving party to the executors or adminis-
trators of the party deceased, make a. full, accurate and final
account of the condition of the partnership as aforesaid, and
will, fairly and accurately, adjust the same. And also upon
taking in inventory of said Capital Stock, with increase and
profit thereon, which shall appear or is found to be remaining,
all such remainder shall be equally apportioned and divided
between them, the said copartners, their executors or adminis-
trators, share and share alike."

"It is also agreed, should either partner desire to retire or
wish to sell his half interest, the retiring partner should give
the refusal and first chance to his partner to buy all his title
and interest in said Copartnership."

The plaintiff contends that the second of these quoted para-
graphs, fortified by the third, makes the partnership terminable
at the "desire" of either partner. Counsel for the defendant
contend that the second paragraph, if read literally, is incon-
sistent with the first, and that consequently in order to har-
monize them, the second paragraph, which, if either, is the am-
biguous one, should not be construed literally. Counsel differ
as to just how it should be construed to make it harmonize with

the first paragraph. One contends that it should be held to mean that the partnership may be terminated at the "desire" of either party "for cause," although nothing is said about cause. The others contend that it should be so terminable "after the expiration of the twenty-five years," although nothing is said as to the time when the desire may be exercised.

The presumption is that the parties meant just what they said, and the court should not add to the language of the agreement unless it is clear from the whole instrument that that is necessary in order to effectuate the intention of the parties. The view that the parties meant what they said when they wrote "desire" in the second and third of these paragraphs without qualification, is supported by several other considerations. For instance, in the same sentence in the second paragraph, and in immediate connection with "desire," two other causes of dissolution are mentioned, namely, "death of either of the parties," and "other reasons," each of which obviously had reference to the time within the twenty-five years. The third paragraph also obviously had reference to the same period. It may be added that the partnership would terminate *ipso facto* under the first paragraph at the end of the prescribed period and that there was therefore no occasion for a provision that it might be terminated at "desire" *thereafter*. Furthermore, there is no necessary inconsistency between the first and second paragraphs. The two may be construed together as meaning that the partnership should continue for twenty-five years and then determine, unless determined sooner or continued longer by some further act or event. It is common to insert in agreements of partnership for a specified period a provision for dissolution at will after a certain time within such period, and, if that can be done, it can with equal consistency, if not so wisely, be agreed that that option may be exercised at any time. A form for just such an agreement is found in Jones' Forms, 5th Ed., 632.

The clause relating to arbitration is as follows:

"It is also agreed that in case of a misunderstanding arising with the partners hereto, which cannot be settled between them-

selves, such difference of opinion shall be settled by arbitration, upon the following conditions to wit: Each party to choose one arbitrator, which two thus elected shall choose a third; the three thus chosen to determine the merits of the case, and arrange the basis of a settlement."

It is difficult to see how a question of the "desire" of one of the partners to terminate the partnership could come within the scope of this provision or be a suitable matter for arbitration. But, however that may be, it is well settled that an agreement to arbitrate which, as here, is general and does not make a submission to arbitration a condition precedent to the right to sue, does not prevent suit without previous arbitration.  *Pearl v. Harris*, 121 Mass. 390; *Hamilton v. Home Ins. Co.*, 137 U. S. 370; *Kinney v. Baltimore & O. Emp. Ass.*, 15 L. R. A. (W. Va.) 192 and Note; 2 Am. & Eng. Enc. Law, 2nd. Ed. 570 *et seq.*

The decision and decree appealed from are affirmed and the case remitted to the Circuit Judge for such further proceedings as may be proper.

*Kinney, Ballou & McClanahan* and *H. A. Bigelow* and *S. H. Derby* for plaintiff.

*T. I. Dillon, J. A. Magoon, J. Lightfoot* and *E. C. Peters* for defendant.