*C. W. Ashford* for defendant.

---

# WILLIAM W. BRUNER *v.* C. BREWER & COMPANY, LIMITED.

### Error to Circuit Court, First Circuit.

Argued October 5, 1911.        Decided October 12, 1911.

### Robertson, C.J., Perry, J., and Circuit Judge Cooper in Place of De Bolt, J.

Arbitration and Award—*pending action—jurisdiction of court to order reference.*

In an action of law pending in one of the circuit courts of this Territory the court, without the aid of statute, has jurisdiction with the consent of the parties to refer the issues to arbitrators named by the parties, the stipulation further providing for the entry of the award as the judgment of the court.

Id.—*maintenance of action—validity of judgment.*

In such a case the reference to arbitrators does not of itself operate as a discontinuance of the cause and the judgment entered in pursuance of the stipulation and order of reference is valid.

Id.—*awards not lightly set aside.*

Awards of arbitrators are generally regarded by courts with favor and are not to be lightly set aside.

Id.—*disqualification of arbitrator—evidence.*

A charge that an arbitrator is disqualified, based solely upon a hearsay affidavit presented nearly two years after the filing of the award, cannot be sustained.

Id.—*findings of fact—evidence.*

In the absence, at least, of a transcript of the evidence, an award will not be set aside on the ground that certain interest claimed was not allowed or on the ground that the arbitrators accepted as true evidence claimed after the filing of the award to be false.

Bruner v. Brewer & Co., 20 Haw. 627.

OPINION OF THE COURT BY PERRY, J.

The original action was assumpsit for $10,361.78 brought by the present plaintiff in error against the present defendant in error upon a contract for the care, shipment and sale by the defendant of coffee consigned to him by the plaintiff. The defendant filed an answer of general denial. Subsequently the parties agreed to arbitrate the issues raised under the pleadings and entered into and filed in the cause a stipulation in writing to that effect, naming therein three persons who were to serve as arbitrators, making certain provisions as to the time of hearing, as to the admission of certain evidence and as to the minimum and the maximum of the award to be rendered, and further providing that the award "shall be final and conclusive upon the parties both upon the law and the facts" and that "thereupon a final judgment shall be entered in accordance therewith." The parties appeared in court by their respective attorneys and asked that an order be made referring the issues to the arbitrators named in accordance with the stipulation and the order was thereupon made by the court as prayed for. The arbitrators on May 10, 1909, filed in the court and cause a statement of their conclusions awarding to the plaintiff the sum of $737.49 with interest thereon at the rate of seven per cent. per annum from September 1, 1906. On March 25, 1911, defendant moved that the award be entered as the judgment of the court. The former of these motions was denied and the latter granted, formal judgment being filed June 29, 1911. To that judgment the present writ is sued out by the plaintiff, the making of the order referring the issues to arbitrators, the denial of the motion to set aside the award, the granting of the motion to enter judgment and the entry of the judgment being assigned as error.

The plaintiff contends that the court was without jurisdiction to make the order of reference and to enter judgment upon the award on the ground that the submission to arbitration was not authorized by our statute, R. L., Ch. 142, and cannot be

supported under the common law procedure. Section 2187, R. L., provides that "all controversies, which might be the subject of a personal action at law, or of a suit in equity, may be submitted to the decision of one or more arbitrators, in the manner provided in this chapter," and section 2189, that "the parties shall appear personally, or by attorney, before the district magistrate or any judge of the court of record agreed upon, and upon their acknowledging the execution of the written submission and producing the same before such magistrate or judge, he shall cause the same to be entered as a rule of court; after which neither party shall have a right to revoke the submission without the consent of the other." The specific points advanced in this connection are that the statute contemplates the submission of those controversies only which are not yet the subject of judicial proceedings and that the acknowledgment referred to in the statute is a formal declaration such as is required before notaries with reference to deeds and is to be accompanied by a certificate of the acknowledging officer in the usual form. To what extent, if at all, these objections are good it is unnecessary to consider for we are of the opinion that the submission is in conformity with and authorized by the procedure of courts without the aid of statute. It may be added at this point that if the submission was within the terms of the statute the entry of judgment upon the award is specifically authorized by the statute and no statutory ground for setting aside the award or reversing the judgment has been alleged. The grounds named in section 2196 for resisting the entry of judgment are exclusive. *Richards* v. *Ontai,* 20 Haw. 198.

We are not now concerned with the inquiry as to the validity of a judgment on an award of arbitrators where the reference to arbitration was by order of the court without consent of the parties or was by stipulation of the parties without rule of the court or where the judgment was entered in the absence of an express stipulation for its entry or where the controversy was

not the subject of pending judicial proceedings. In the case at bar the controversy was in court, the parties assented to the reference, the court made the order and the stipulation and the order expressly provided for the filing of the award in court and the entry of judgment thereon. Under these circumstances a trial by arbitrators and the adoption of their award as the judgment of the court in the cause is one of the well established modes of determining controversies. It was well known at the common law and has been long recognized in the United States. "A trial by arbitrators appointed by the court with the consent of both parties as one of the modes of prosecuting a suit to judgment is as well established and as fully warranted by law as the trial by jury." *Alexandria Canal Co.* v. *Swann,* 5 How. 82, 88. "The practise of referring pending actions is coeval with the organization of our judicial system. * * * The practise of referring pending actions under the rule of court, by consent of parties, was well known at common law and the report of the referees appointed, when regularly made to the court pursuant to the rule of reference and duly accepted, is now universally regarded in the state courts as the proper foundation of judgment." *Heckers* v. *Fowler,* 2 Wall. 123, 128, 131. "The power of a court of justice, with the consent of the parties, to appoint arbitrators and refer a case pending before it is incident to all judicial administration where the right exists to ascertain the facts as well as to pronounce the law." *Newcomb* v. *Wood,* 97 U. S. 581, 583. In the case last quoted from the decision was, indeed, based as well upon the statute of Ohio but it was competent for the court to assign two grounds for its conclusion. The statement just quoted cannot be regarded as obiter dictum. See also *The Bank of Monroe* v. *Widner,* 11 Paige 529, 533; *Green* v. *Patchin,* 13 Wend. 293, 296; *Wells* v. *Lain,* 15 Wend. 99, 102, 103; *Yates* v. *Russell,* 17 Johns. 461; *Cunningham* v. *Howell,* 23 N. C. 9, 10; *Wear* v. *Ragan,* 30 Miss. 83; *Allen* v. *Hickam,* 156 Mo. 49, 50; *Zehner* v. *Coal Co.,* 187 Pa. St. 487, 493. Nor

did the reference to arbitration, in this instance, of itself operate as a discontinuance of the cause. The parties and the court expressly stipulated for the entry of judgment in the cause. They contemplated the further maintenance of the action. The authorities to the effect that a discontinuance results are based upon the theory that the parties have, by their acts, selected another tribunal and desire the determination of the judicial proceedings; but that rule has no application in cases in which it clearly appears that the parties contemplated the continuance of the action and the aid of the court in enforcing the award. "There is nothing in the mere agreement to submit a matter to arbitration which must of necessity have the effect of discontinuing suit brought for the same matter. A valid submission may be made, leaving the suit in full life, provided it appear from the agreement itself that such was the intention of the parties." *Wells* v. *Lain,* supra. "When the terms of the agreement provide that the action is to remain upon the docket and that judgment thereon is to be entered in accordance with the award of the referees, there is no discontinuance." *Hearne* v. *Brown,* 67 Me. 156, 158. See also 5 Ency. L. & P. 257; *Lary* v. *Goodnow,* 48 N. H. 170, 175, and other cases cited above.

Our statute on the subject does not exclude other methods of submission to arbitration. *Merrill* v. *Lenehan,* 4 Haw. 670, 671. There is no statement in the stipulation or in the order that the submission is under the statute. By supporting it, as it can be, as a common law submission, there is no substitution of a new contract in place of that entered into by the parties. The terms of the agreement, as made, can still be carried out in the view that this is a submission within the inherent powers of the court to recognize and enforce.

Another contention of the plaintiff is that one of the arbitrators was disqualified from participating in the determination of the issues by reason of the following facts: that he was a stockholder in Castle & Cooke, Ltd., a Hawaiian corporation,

that Castle & Cooke, Ltd., was a stockholder in Welch & Co., a California corporation, and that Welch & Co. was liable to reimburse to the defendant the amount of any damages that might be awarded against it by the arbitrators and therefore was interested in the award. The only evidence in support of the facts so alleged is that contained in an affidavit made by the attorney for the plaintiff, sworn to March 25, 1911, based solely upon information said to have been given by the plaintiff to the deponent through correspondence. The question whether Welch & Co. was liable to Brewer & Co. was one of mixed law and fact. Whatever the powers of the court may be, in such a case as this, concerning the re-examination of an award, it would be going too far to set aside an award upon a finding of fact and a ruling of law based solely upon a hearsay statement made two years after the date of the award. Awards are generally regarded by courts with favor and are not to be lightly set aside. 3 Cyc. 586; 5 Ency. L. & P. 225; *Tyler* v. *Dyer,* 13 Me. 41, 47, 49. Upon the showing made in this case courts would not hesitate to deny a motion for a new trial in an ordinary action.

The award is further attacked on the ground that the arbitrators failed to allow to the plaintiff interest upon the sum of $3585.70, the minimum named in the stipulation and order as due to the plaintiff from the defendant. That sum, however, as appears from the stipulation, was to be paid by the defendant to the plaintiff contemporaneously with the execution of the stipulation and no express direction is contained in the agreement or order touching an allowance of interest. It is not shown, moreover, that at the hearing the item was called to the attention of the arbitrators or that it was not in fact considered by them or even that some interest was not included in the amount awarded ($737.49). The transcript of the evidence adduced is not before us. What the facts were for or against the allowance of interest does not appear. Under all these circumstances and in view of the fact that arbitrators are not con-

fined to a determination of strict legal rights but may decide upon equitable principles, this objection to the award cannot be sustained.

The plaintiff asks that the award should be set aside on the further ground that the evidence given before the arbitrators by a witness named Greig was false. This claim, likewise, rests solely upon an affidavit to the effect that the deponent is informed by the plaintiff that upon investigation made by him in San Francisco since the date of the award, he, the plaintiff, finds that the facts relating to one of the items in dispute between the parties were directly to the contrary of what in Greig's testimony they were said to be. In opposition an affidavit was filed by the defendant to the effect that other evidence was admitted at the hearing before the arbitrators which tended to support the statements of Greig on the point mentioned. In the absence, at least, of a transcript of the evidence, the findings of the arbitrators can not, upon this showing, be disturbed.

The judgment of the circuit court is affirmed.

*C. W. Ashford* for plaintiff.

*R. B. Anderson* (*Kinney, Prosser, Anderson & Marx* on the brief) for defendant.