HUNG WO CHING AND ELIZABETH LAU CHING, YAU ON LEONG AND JAMES DOO, TRUSTEES UNDER INSTRUMENT DATED JANUARY 3, 1958, AND FILED IN THE OFFICE OF THE ASSISTANT REGISTRAR OF THE LAND COURT OF THE STATE OF HAWAII AS DOCUMENT NO. 211549 *v.* HAWAIIAN RESTAURANTS, LTD.

No. 4687.

SEPTEMBER 30, 1968.

RICHARDSON, C.J., ABE, LEVINSON, JJ., CIRCUIT JUDGE KING IN PLACE OF MARUMOTO, J., DISQUALIFIED, AND CIRCUIT JUDGE FUKUSHIMA ASSIGNED BY REASON OF VACANCY.

**564**

OPINION OF THE COURT BY ABE, J.

The plaintiffs, as lessors, and the defendant, as lessee, executed a lease of a parcel of land at the intersection of Kalakaua Avenue and Kapiolani Boulevard in Honolulu. The defendant operates a restaurant under the name of Coco's on the premises.

The lease is for a term commencing July 1, 1960 and ending June 30, 1985 and provides for a monthly rental of $2,250 for the period ending June 30, 1965. The lease contains a rental provision calling for renewal negotiation every five years throughout the twenty-five year term. It also provides that when the parties are unable to agree on the rental for any five-year period, the annual rental shall be 6 percent of the fair market value as determined by "three impartial appraisers."[1]

The parties were unable to agree on the rental for the second five-year period and each party appointed an appraiser. When the two appraisers could not agree on the fair market value for

---

[1]"The Lessors and the Lessee shall each, on or before thirty (30) days prior to the commencement of the period for which the rent is to be determined, name an appraiser and so notify the other party in writing, and in case one party shall fail so to do, the party who has named an appraiser shall have the right to apply to the person who shall hold office at the time as the senior judge in service of the First Circuit Court of the State of Hawaii, or, if said judge is for any reason unavailable or unwilling to act, then to any other judge of said Court who shall be available and willing to act, requesting him to select and appoint an appraiser on behalf of the party so failing to appoint an appraiser, and the two appraisers thus appointed (in either manner) shall select and appoint a third appraiser, and in the event that the two appraisers so appointed shall within fifteen (15) days after the naming of the second appraiser, fail to appoint the third appraiser, either party may have such third appraiser selected and appointed by said senior judge, or if he is unavailable or unwilling, by any other judge of said Court, and the three appraisers so appointed shall thereupon proceed to determine the fair market value, as of the first day of the period, of the land demised hereby, exclusive of buildings and improvements thereon for the purpose of determining the rental for the demised premises for said period, and the decision of any two of them shall be final, conclusive and binding upon both parties, subject, however, to vacation or modification in accordance with the provisions of Chapter 188 of the Revised Laws of Hawaii 1955, as the same now exist, or if amended, as they shall exist at the time of such appraisal. . . . Each of said appraisers shall be a recognized local real estate appraiser and shall also be a member of the Honolulu Realty Board . . ."

the determination of the rental, plaintiffs brought suit for a declaratory judgment in the first circuit court for the interpretation of the words "fair market value."

The defendant moved to require arbitration of this dispute over the rent and to stay the suit, contending that the lease required arbitration. The trial judge denied this motion and also refused to allow the defendant to take an interlocutory appeal on this point.

After trial, the trial court ruled that the words "fair market value" of the demised land as used in the lease meant fair market value of the land at its highest and best use, unencumbered by the lease. The defendant appealed from this judgment.

The covenant of the lease provided for the appointment of three "appraisers" only when the lessors and lessee were unable to agree on the rental. It also provided that the decision of any two of the appraisers was to be "final, conclusive and binding upon both parties, subject, however, to vacation or modification in accordance with the provisions of Chapter 188 of the Revised Laws of Hawaii 1955, as the same now exists, or if amended, as they shall exist at the time of the appraisal."

The plaintiffs contend that the agreement merely calls for an appraisal and not arbitration because the terms "appraisers," "appraisal," and "decision" are used instead of "arbitrators," "arbitration," or "award," and also because the lease provides that each of the appraisers appointed be both a recognized real estate appraiser and a member of the Honolulu Realty Board.

We disagree with that contention. An agreement should be construed as a whole and its meaning determined from the entire context and not from any particular word, phrase or clause. *Territory* v. *Arneson,* 44 Haw. 343, 354 P.2d 981 (1960) .

The requirement that "appraisers" to be named be recognized local real estate appraisers is not indicative that the parties did not intend to provide for arbitration. It would be natural for the parties to the lease to desire that the best qualified people be appointed to carry out their duties as arbitrators. The requirement that only recognized local real estate appraisers be appointed is merely an indication of this desire.

The parties had agreed that the three "appraisers," to be selected as provided in the lease, were to determine the fair market value when they were unable to agree on the rental for any five-year period. The fair market value as determined by any two of the "appraisers" was to be final, conclusive and binding upon both parties, and the annual rental for any five-year period was to be 6 percent of the fair market value, but not less than $2,250 per month. By this provision, the decision of the two "appraisers" had the binding effect of a judgment of a court of law. This is a function of a board of arbitration.

Further, Chapter 188, R.L.H. 1955, pertains to arbitration and award and it would seem that the parties to the lease contemplated arbitration, otherwise they would not have referred to this chapter.

We are satisfied that by the covenant, the parties to the lease intended to provide for and contemplated arbitration on the question of rental when there was a disagreement. Courts in other jurisdictions have so construed similar provisions of leases. *Citizens Bldg.* v. *Western Union Telephone Co.,* 120 F.2d 982 (1941) ; *Earle* v. *Johnson,* 81 Minn. 472, 84 N.W. 332 (1900).

Thus, the trial judge should have submitted the entire question of rental to arbitration, including the interpretation of the term "fair market value."

Reversed and remanded for further proceedings consistent with this opinion.

*Douglas E. Prior (Smith, Wild, Beebe & Cades* of counsel) for defendant-appellant.

*Asa M. Akinaka (Padgett, Greeley, Marumoto & Akinaka* of counsel) for plaintiffs-appellees.