STANLEY M. YOSHIOKA and JENNIE O. YOSHIOKA, Plaintiffs-Appellants, Cross-Appellees, *v.* E. F. HUTTON & COMPANY, INC. and THOMAS SAKAI, Defendants-Appellees, Cross-Appellants

NO. 6975

APRIL 23, 1981

PADGETT, ACTING C.J., BURNS, J. AND CIRCUIT JUDGE WAKATSUKI IN PLACE OF CHIEF JUDGE HAYASHI, DISQUALIFIED

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from the granting of a summary judgment in favor of the defendants. The defendants cross-appeal from the refusal of the court below to stay proceedings pending arbitration. We hold the matter should have been submitted to arbitration and hence do not reach the summary judgment issue.

In September of 1971, the plaintiffs below, appellants here (hereinafter referred to as the "Yoshiokas"), entered into Customer's Agreements with defendant below, cross-appellant here, E. F. Hutton & Company, Inc., a national stock brokerage firm (hereinafter referred to as "Hutton"). The agreement provided in part:

Any controversy arising out of or relating to my account, to transactions with you for me or to this agreement or the breach thereof, shall be settled by arbitration in accordance with the rules, then in effect, of the American Stock Exchange, the New York Stock Exchange, Inc. or the National Association of Securities Inc. as I may elect. If I do not make such election by regis-

tered mail addressed to you at your main office within 5 days after demand by you that I make such election, then you may make such election. Judgment upon any award rendered by the arbitration may be entered in any court having jurisdiction.

Appellants' counsel, at oral argument, conceded that the alleged 1974 agreement, which they claimed was breached, was a modification of the written 1971 contract.

Hutton and Defendant-Appellee, Cross-Appellant Thomas Sakai (hereinafter referred to as "Sakai") urged, from the beginning, that the Yoshiokas' claim was subject to arbitration under the Customer's Agreement and that therefore, the proceedings should be stayed pending the arbitration. There can be no question but that the Customer's Agreement was an agreement to submit all future disputes arising with respect to the account to arbitration. The agreement in question does not make arbitration a condition precedent to suit and hence, did not oust the court below of jurisdiction. *Hind v. Low*, 14 Haw. 438 (1902). This is not a case in which the parties had in fact submitted their dispute to arbitration and a suit is being brought upon the award, such as *Merrill v. Lenehan*, 4 Haw. 670 (1883), or a case in which in the course of litigation, the parties agreed to submit the existing dispute to arbitration, such as *Bruner v. C. Brewer & Co., Ltd.*, 20 Haw. 627 (1911).

At common law, agreements to arbitrate were not enforceable. 5 Am. Jur.2d *Arbitration & Award* § 36 (1962). We, however, have statutes which make arbitration agreements enforceable. Since the Yoshiokas concede that their claim, whether it be viewed as one in contract or in tort, is based upon an oral 1974 modification of the 1971 agreement, the case falls within the ambit of § 658-1, Hawaii Revised Statutes (HRS), and is hence, arbitrable since it arises out of the contract. (There is no contention that the alleged 1974 modification included a modification of the arbitration clause in the 1971 written contract.)

Moreover, § 658-5, HRS, provides:

If any action or proceeding is brought upon any issue referable to arbitration under an agreement in writing, the circuit court, upon being satisfied that the issue involved in the action or proceeding is referable to arbitration under such an agreement in writing, shall stay the trial of the action or proceeding until the arbitration has been had in accordance with the terms of the

agreement, provided the applicant for the stay is not in default in proceeding with the arbitration.

From the adoption of the Civil Code of 1859, until the Session Laws of 1925, our statutes provided only for the enforcement of arbitration agreements with regard to existing controversies. However, in 1925, the arbitration statutes were overhauled and amended in depth. They have remained in substantially the same form until this date. The act which constituted the amendment of the statutes was Chapter 276 of the Session Laws of 1925. Standing Committee Report No. 436 of the Senate of the Territory of Hawaii, with respect to that statute:

> The purpose of the Bill is to make provisions for the enforcement of arbitration agreements. Our present law relates only to arbitration agreements entered into after controversy has arisen, and is silent as to the enforcement of agreements made in advance of such controversy.

1925 Senate Journal, page 1124. The court below was mandated by § 658-5 to stay the proceedings until an arbitration had been had. Accordingly, its refusal to do so was error.

The Yoshiokas argued, and the court below agreed, that the provision in the 1971 written Customer's Agreement that "[t]his agreement and its enforcement shall be governed by the laws of the State of New York; . . ." makes the whole agreement, or at least paragraph 7 thereof, which contains the arbitration agreement, invalid and unenforceable because making the laws of the State of New York govern in this transaction would be unjust and inequitable to the Yoshiokas, residents of Hawaii who dealt with Hutton and Sakai only in Hawaii. Whether the law of New York applies to the alleged modified agreement is an issue to be determined in the arbitration since the parties by the contract submitted the whole controversy to arbitration. *Ching v. Hawaiian Restaurants, Ltd.,* 50 Haw. 563, 445 P.2d 370 (1968).

The Yoshiokas also argue that arbitration would be unjust and inequitable and therefore the agreement should be disregarded. We do not agree. The strong policy of the legislature in favor of enforcing arbitration contracts, evidenced by the express terms of Chapter 658, HRS, requires us to reverse the court below and to remand for the entry of a stay order until the arbitration is had.

Reversed and remanded for further proceedings in accordance herewith.

*Ronald G. S. Au (Miles N. Yasunaga* on the opening brief) for plaintiffs-appellants, cross-appellees.

*James T. Leavitt, Jr. (Leavitt & Hunt* of counsel) for defendants-appellees, cross-appellants.