**NOT FOR PUBLICATION IN WEST'S HAWAII REPORTS OR THE PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000224
14-MAY-2024
12:08 PM
Dkt. 99 SO**

NO. CAAP-19-0000224

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


KAHALA BEACH ASSOCIATION OF APARTMENT OWNERS,
Plaintiff/Lessee-Appellant,
v.
KAMEHAMEHA SCHOOLS,
Defendant/Lessor-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 18-1-0444)


SUMMARY DISPOSITION ORDER
(By: Hiraoka, Presiding Judge, and Wadsworth and Nakasone, JJ.)

This appeal stems from a dispute concerning an arbitration award, which resolved a lease rent dispute between Defendant/Lessor-Appellee Kamehameha Schools (**KS**), as lessor, and Plaintiff/Lessee-Appellant The Kahala Beach Association of Apartment Owners (**KBA**), as the representative of the lessees under a set of apartment leases (**Apartment Leases**). KBA appeals from the "Order Denying [KBA's] Motion To Vacate Arbitration Award Filed December 4, 2018 and Confirming Award" (**Order**), entered on February 22, 2019, in the Circuit Court of the First Circuit (**Circuit Court**).[1] The Order confirmed a September 4, 2018 arbitration award (**Award**), under which three appraisers (the **Panel**) appointed pursuant to the Apartment Leases determined "the total rental value, as of July 16, 2017, of the land comprising the site of the [Kahala Beach condominium p]roject . . . ."

---

[1] The Honorable Dean E. Ochiai presided.

On appeal, KBA contends that the Circuit Court erred in:  (1) failing to vacate the Award, where "the appraisers plainly exceeded the limited authority delegated to them by the [p]arties"; and (2) applying a deferential standard of review to the Award, which "was predicated on matters outside of the appraisers' scope of power[.]"

After reviewing the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve KBA's contentions as follows, and affirm.

KBA contends that the Circuit Court should have vacated the Award, because the Panel exceeded its powers as set forth in the appraisal provision in the Apartment Leases (**Appraisal Provision**).  The Appraisal Provision states in relevant part:

> A.  Appraisal.  Whenever this lease provides that the total rental value of said land comprising the site of the project shall be determined by appraisal for computation of any rent hereunder, such rental value shall be equal to six percent (6%) of the then market value for multifamily residential purposes of said land, exclusive of all improvements thereon, as shall be determined by three impartial real estate appraisers . . . and the three appraisers so appointed shall proceed to determine the matters in question, and the decision of said appraisers or a majority of them shall be final, conclusive and binding on both parties hereto . . . .

KBA argues that the Panel's power under this provision was "exceedingly limited" – that the Panel was to determine the value of the land at issue, based on the parameters specified in the Apartment Leases, including use restrictions and encumbrances, and that when those parameters became an issue, it was for the court and not the panel to decide "what" the Parties intended to be valued.[2]

KS, on the other hand, contends that the Panel did not exceed its powers.  KS argues that the dispute that arose over the interpretation of the Appraisal Provision, *i.e*, whether the Panel was to determine the "market value" of the "land" encumbered (or unencumbered) by the Apartment Leases, fell within

---

[2]  KBA further asserts that the Panel exceeded its powers by determining "what" was to be valued, and in doing so ignored the encumbrances that run with the land, including a four-story building limitation.

the scope of the parties' agreement to arbitrate. In making this argument, KS relies primarily on two cases, Ching v. Hawaiian Rests., Ltd., 50 Haw. 563, 445 P.2d 370 (1968), and Oahuan, Ltd. v. Trs. of The Violet K. Maertens Tr. Estate, 4 Haw. App. 295, 666 P.2d 603 (App. 1983).

There is no dispute in this case that the Appraisal Provision constitutes a valid agreement to arbitrate under Hawaiʻi law, and that the Panel issued an arbitration award. See Loyalty Dev. Co. v. Wholesale Motors, Inc., 61 Haw. 483, 487-88, 605 P.2d 925, 928 (1980); Ching, 50 Haw. at 565, 445 P.2d at 372. The following standards of review apply where a party challenges an arbitration award:

> First, because of the legislative policy to encourage arbitration and thereby discourage litigation, arbitrators have broad discretion in resolving the dispute. Upon submission of an issue, the arbitrator has authority to determine the entire question, including the legal construction of terms of a contract or lease, as well as the disputed facts. In fact, where the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.
>
> Second, correlatively, judicial review of an arbitration award is confined to the strictest possible limits. An arbitration award may be vacated only on the four grounds specified in [Hawaii Revised Statutes (**HRS**)] § 658-9 and modified and corrected only on the three grounds specified in HRS § 658-10. Moreover, the courts have no business weighing the merits of the award.
>
> Third, HRS §§ 658-9 and -10 also restrict the authority of appellate courts to review judgments entered by circuit courts confirming or vacating the arbitration awards.

Nordic PCL Const., Inc. v. LPIHGC, LLC, 136 Hawaiʻi 29, 41, 358 P.3d 1, 13 (2015) (quoting Daiichi Hawaii Real Estate Corp. v. Lichter, 103 Hawaiʻi 325, 336, 82 P.3d 411, 422 (2003)).

Settled case law is dispositive here. In Ching, appraisers were appointed to determine the fair market value of leased premises in order to set annual rent. Id. at 564, 445 P.2d at 371. The lease provided that the appraisers' decision would be "final, conclusive and binding on both parties[.]" Id. at 564 n.1, 445 P.2d at 371 n.1. When the appraisers could not agree, the lessee brought suit for a declaratory judgment interpreting the words "fair market value." Id. at 565, 445 P.2d

at 371. The circuit court denied the lessor's request to require arbitration of the dispute and "ruled that the words 'fair market value' of the demised land as used in the lease meant fair market value of the land at its highest and best use, unencumbered by the lease." Id. On appeal, the Hawai'i Supreme Court held that under the appraisal provision in the lease, "the parties . . . intended to provide for and contemplated arbitration on the question of rental when there was a disagreement." Id. at 566, 445 P.2d at 372. The court further held that "[t]hus, the trial judge should have submitted the entire question of rental to arbitration, including the interpretation of the term 'fair market value.'" Id.

In Oahuan, this court applied the holding in Ching to a dispute over the confirmation of an arbitration award setting the lease rent payable by the lessee. See 4 Haw. App. at 302, 666 P.2d at 608. There, the lessors challenged the award, arguing in part that the arbitrators "exceeded their powers" in disregarding the words "excluding improvements" and "exclusive of improvements" in the lease's appraisal provision. Id. at 299, 666 P.2d at 606. This court rejected that argument and held:

> [O]nce the determination of the "fair and reasonable market value" of the land "exclusive of improvements" was submitted for arbitration, the entire question, including the interpretation of the terms "exclusive of improvements" and "excluding improvements," was to be determined by [the arbitrators] . . . . The arbitrators in good faith did not exceed or imperfectly execute their powers or make an award upon a matter not submitted to them.

Id. at 302, 666 P.2d at 608 (1983) (citing Ching).

Similarly, here, the Appraisal Provision in the Apartment Leases states that the rental value to be determined by the appraisers "shall be equal to six percent (6%) of the then market value for multifamily residential purposes of said land, exclusive of improvements thereon . . . ." This determination was submitted to the Panel. KBA now argues, in essence, that the Panel was not empowered to interpret the terms of the Appraisal Provision, and when it did so, it improperly "ignored" the encumbrances that run with the land. "When an issue is submitted [to arbitration], the entire question, including the legal

4

construction of terms in a contract or lease, is to be determined by the arbitrator." Oahuan, 4 Haw. App. at 298, 666 P.2d at 606. Based on the holdings in Ching and Oahuan, once the parties submitted for arbitration the determination of the rental value of the land as specified in the Appraisal Provision, the interpretation of that provision's terms was within the Panel's powers.

KBA argues that "Ching is not persuasive because it does not address issues related to the scope of the appraiser's power[,]" and "Oahuan is distinguishable because it is older and was decided in a lower court than Koolau[ Radiology, Inc. v. Queen's Med. Ctr., 73 Haw. 433, 834 P.2d 1294 (1992)] . . . " These arguments are unavailing. In Ching, the supreme court expressly held that "the trial judge should have submitted the entire question of rental to arbitration, including the interpretation of the term 'fair market value.'" 50 Haw. at 566, 445 P.2d at 372. Morever, Oahuan is still good law. It was not overruled, criticized, or even mentioned in Koolau Radiology, which held that an arbitration clause mandating the appointment of a real estate appraiser to determine lease values did not empower the appraiser to arbitrate a separate issue involving the validity of an alleged oral agreement modifying the written lease. 73 Haw. at 447, 834 P.2d at 1301. The scope of the arbitration agreement in Koolau Radiology was at issue in a way that it is not here.[3/]

Accordingly, we conclude that the Panel did not exceed its powers under the Arbitration Provision, and thus its authority within the meaning of HRS § 658A-23(a)(4), and the Circuit Court did not err in denying KBA's December 4, 2018 motion to vacate the Award. We further conclude that the Circuit

---

[3/] Brennan v. Stewarts' Pharmacies, Ltd., 59 Haw. 207, 579 P.2d 673 (1978), which KBA characterizes as "directly on-point," is also inapposite. In Brennan, the parties submitted for arbitration the "limited question" of the "fair monthly rental" of a shopping center space during the second ten-year period of a 20-year lease. Id. at 222, 579 P.2d at 682. Given the limited nature of the submitted question, the court held that the arbitrators clearly exceeded their powers by construing the meaning of various provisions in the lease agreement. Id. Here, in contrast, when the parties submitted for arbitration the determination of the rental value of the land as specified in the Appraisal Provision, the interpretation of that provision's terms was within the Panel's powers under Ching and Oahuan.

Court did not err in reviewing the Award with deference.  See Tatibouet v. Ellsworth, 99 Hawaiʻi 226, 233, 54 P.3d 397, 404 (2002); Nordic PCL Const., 136 Hawaiʻi at 41, 358 P.3d at 13.

For the reasons discussed above, we affirm the "Order Denying Plaintiff's Motion To Vacate Arbitration Award Filed December 4, 2018 and Confirming Award," entered on February 22, 2019, in the Circuit Court of the First Circuit.

DATED:  Honolulu, Hawaiʻi, May 14, 2024.


On the briefs:

Kenneth R. Kupchak and
Veronica A. Nordyke
(Damon Key Leong Kupchak
Hastert)
for Plaintiff-Appellant

Dennis W. Chong Kee and
Nicholas M. McLean
(Cades Schutte LLP)
for Defendant-Appellee.

/s/ Keith K. Hiraoka
Presiding Judge


/s/ Clyde J. Wadsworth
Associate Judge


/s/ Karen T. Nakasone
Associate Judge